FREDERICK N. DILLON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40637.    Promulgated September 8, 1930.

*James V. Giblin, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

#### OPINION.

MATTHEWS: The respondent has asserted a deficiency in income tax of $14,786.10 for the year 1926 against the petitioner. The deficiency arises from the disallowance of certain deductions taken by the petitioner as ordinary losses under section 214(a)(5) of the Revenue Act of 1926. The pleadings disclose that the respondent disallowed in its entirety a loss of $9,450.80 claimed by the petitioner on account of his investment in shares of an association, known as "Oak Hill Associates," for the development of a golf course and country club, on the ground that the worthlessness of the stock had not been proved. Other losses from the sale of securities, including 1,000 shares of stock of the Southern Phosphate Co. which had been held by the petitioner for more than two years, were treated as capital losses by the Commissioner in accordance with the provisions of section 208 of the Revenue Act of 1926.

It is alleged in the petition that the Commissioner erred (a) in refusing to allow the deduction claimed by the petitioner as an ordinary loss from the sale of 1,000 shares of stock of the Southern

Phosphate Co., (b) in refusing to allow any deduction as a loss on account of the investment in Oak Hill Associates, and (c) in refusing to consider the petitioner's general contention that it is unconstitutional for Congress to forbid the deduction of capital losses against normal income.

When the case came on for hearing, no appearance was made on behalf of the petitioner. Counsel for respondent moved that the case be taken under submission under Rule 29, and the case was submitted for disposition on the pleadings. No evidence was introduced by the petitioner in support of his allegations with respect to the losses alleged to have been sustained by him. In the absence of any showing that the investment in the Oak Hill Associates resulted in a loss to the petitioner, the determination of the respondent with respect to this item is sustained.

There is no dispute between the parties as to the amount of the loss sustained by the petitioner from the sale of 1,000 shares of stock of the Southern Phosphate Co., and it is clear that such loss is a capital loss within the meaning of the statute. The petitioner claims that this loss should be treated as an ordinary loss, it being requested in the petition, " that the Commissioner be prevented from following the instructions of Congress in forbidding the deduction of capital losses against the taxpayer's normal income for constitutional reasons."

The pleadings do not raise any issue of law. In order to raise a question of law with respect to the constitutionality of a particular section of any one of the revenue acts, it is not sufficient to allege in general terms that Congress does not have the power to enact the section complained of. The specific constitutional provision alleged to be violated must be pointed out. The petition in this case contains no allegation with respect to the violation of any provision of the Constitution. There is not presented any actual or threatened infringement of any property rights of the petitioner on account of the alleged unconstitutional provision. The deficiency determined by the respondent is approved.

*Judgment will be entered for the respondent.*