## COMMISSIONER OF INTERNAL REVENUE v. THOMPSON et ux.

### No. 4296.

United States Court of Appeals
Tenth Circuit.

Dec. 31, 1951.

John J. Kelley, Jr., Sp. Asst. to Atty. Gen. (Ellis N. Slack and A. F. Prescott, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

No appearance or brief for respondent.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

Williard I. Thompson and Agnes B. Thompson are husband and wife, and they reside in Oklahoma. In their joint income tax return for the year 1947 they claimed certain deductions from gross income, one deduction being for tax paid on cigarettes. The Commissioner of Internal Revenue disallowed certain claimed deductions, including the one for tax paid on cigarettes. On redetermination, the Tax Court sustained the taxpayer in respect to that deduction, 15 T.C. 609; and the Commissioner sought review.

Deductions from gross income are allowed as a matter of legislative grace. A taxpayer claiming a deduction must bring himself clearly within the terms of a statute authorizing it. And the burden rests upon the taxpayer to point to a statute authorizing the deduction and bring himself clearly within its provisions; otherwise, the deduction is to be disallowed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; White v. United States, 305 U.S. 281, 59 S.Ct. 179, 83 L.Ed. 172; Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416.

The Tax Court relied upon section 23(c) (3) of the Internal Revenue Code, 26 U.S.C. § 23(c)(3), as authorizing the deduction in question. And the Tax Court pointed to Treasury Regulation 111, Section 29.23(c)–1(b). The statute provides in presently pertinent part that in the case of a tax imposed by a state upon persons engaged in selling tangible personal property at retail, which is measured by the gross sale price or the gross receipts from the sale or which is a stated sum per unit of such property sold, if the amount of such tax is separately stated,

then to the extent that the amount so stated is paid by the purchaser to such person such amount shall be allowed as a deduction in computing the net income of the purchaser as if such amount constituted a tax imposed upon and paid by such purchaser. The statute permits the purchaser of tangible personal property from a · retailer to deduct the amount of the tax imposed by state law upon the retailer, if the tax is separately stated and is paid by the purchaser. One prerequisite of the deduction under the statute is that the state tax be imposed upon the retailer. Another is that the tax be separately stated. And the third is that the purchaser pay the tax. If the purchaser pays the full amount of the tax, the deduction is to be taken accordingly. If he pays only part of the tax, he is authorized to deduct the amount paid. That is the plain scope of the statute and it is not to be enlarged by administrative regulation or judicial interpretation.

Turning to the law of Oklahoma, Chapter 16, Title 68, Oklahoma Statutes 1941, is entitled "Cigarette Stamp Tax." Section 586, as amended, O.S.Supp. 1943, defines the terms "wholesaler," "jobber," "retailer," and "consumer." Section 586a provides that in lieu of any and all forms of tax upon the sale, gift, or consumption of cigarettes within the state, there is levied a stamp excise tax at rates therein specified; that the tax shall be paid only once on any cigarettes sold or received for consumption in the state; that it shall be paid by the person making the first sale or first receiving the cigarettes for consumption within the state; that payment of the tax shall be evidenced by stamps which shall be furnished by and purchased from the Tax Commission; that the stamps shall be securely affixed to the end of the package in which the cigarettes are sold or from which consumed; and that the stamps shall denote the amount of the tax paid. Section 586c, as amended, O.S.Supp. 1943, relates to permits, fees, displays, and other requirements of manufacturers, wholesalers, warehousemen, jobbers, distributors, and retailers. And section 586d, as amended, O.S.Supp. 1943, provides that every

wholesaler, jobber, or warehouseman doing business within the state and required to secure a license or permit as provided under the preceding section shall within seventy-two hours, excluding Sundays and holidays, from the time cigarettes come into his possession, and before making any sale or distribution thereof for consumption, cause the same to have affixed thereto the stamp or stamps as required by the Act; that every retailer receiving cigarettes from a manufacturer, wholesaler, jobber, warehouseman, or distributor not required to secure a permit as provided in the preceding section, or to affix stamps as required under the preceding paragraph, shall within seventy-two hours, excluding Sundays and holidays, from the time such cigarettes come into his possession, and before making any sale or distribution thereof for consumption, affix stamps upon the cigarette packages in the proper denomination and amount, as required by section 586a; that it shall be unlawful for any person to sell or consume cigarettes on which the tax has not been paid, and which are not contained in packages to which are securely affixed the stamps evidencing payment of the tax imposed by the Act; and that every person violating the provisions of the section shall be guilty of a misdemeanor and punished as therein specified. The Act does not speak of the exaction as a sales tax. Section 586a imposes the tax, and it expressly denominates the tax a stamp excise tax. And the requirement that stamps be affixed to cigarettes manufactured or received for sale is not dependent upon the actual sale of such cigarettes. The manufacturer, wholesaler, warehouseman, jobber, or distributor in certain instances, and the retailer in other instances, is required to affix the stamps to cigarettes within a specified time after manufacturing or receiving them for sale without regard to whether they are actually sold later. Under the statutory scheme, securing the stamps from the Tax Commission and affixing them to cigarettes within the specified time is required even though the cigarettes are not actually sold. Payment or liability for the tax and sale of the cigarettes are not necessarily concurrent incidents or events. Viewed

in the light of these considerations, and in the absence of a judicial determination by the courts of Oklahoma, it is not clear that the exaction is a sales tax as distinguished from an excise imposed upon the privilege of engaging in the occupation of a manufacturer, wholesaler, warehouseman, jobber, distributor, or retailer of cigarettes. Until the courts of Oklahoma shall have determined the exact nature of the tax, it is at least open to question. And a deduction from gross income cannot be allowed under section 23(c)(3) of the Internal Revenue Code unless it is clear that under the law of Oklahoma the tax on cigarettes is a sales tax as distinguished from an excise tax or an exaction of some other kind. Cf. Helvering v. Fitch, 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665.

Moreover, there was no proof in this case that the taxpayer, as a consumer, purchased any of the cigarettes involved from a wholesaler or jobber who had paid for and affixed the cigarette tax stamps to the cigarette packages, nor was there proof that the taxpayer, as a consumer, purchased the cigarettes from a retailer who had paid for and affixed the stamps to the packages. Hence there was no proof that the tax sought to be deducted was imposed upon a retailer.

The decision of the Tax Court is reversed and the cause is remanded.