Evelyn R. Marks v. Commissioner.
Marks v. Commissioner
Docket Nos. 3672-64, 1048-65.
United States Tax Court
T.C. Memo 1966-62; 1966 Tax Ct. Memo LEXIS 219; 25 T.C.M. (CCH) 338; T.C.M. (RIA) 66062; March 24, 1966
*219 Evelyn R. Marks, pro se, 11914A Bellflower Blvd., Downey, Calif. James J. Cotter, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined deficiencies in petitioner's Federal income tax for the years 1961, 1962, and 1963 in the amounts of $410.15, $390.06, and $269.00, respectively. The issue for us to determine is whether petitioner is entitled to a deduction for loss of anticipated earnings in 1961, 1962, and 1963. Findings of Fact Petitioner filed her Federal income tax returns for the taxable calendar years 1961, 1962, and 1963 with the district director of internal revenue at Los Angeles, California. In her Federal income tax returns for the years 1961 and 1962, as amended, and 1963, petitioner reported that she had total income of $3,197.94, $3,004.88, and $2,150.61, respectively. In her 1961 amended income tax return petitioner deducted the amount of $3,498.06 which she described as "anticipated earnings from [use of] teaching credential." In her 1962 amended income tax return petitioner deducted the amount of $3,667.12 as the difference between anticipated and actual earnings. Petitioner deducted $4,902 in *220 her 1963 income tax return, stating that said amount represented the difference between "amount earned without personal professional property and what is owing due breach of contract." Petitioner's deductions effectively eliminate all tax liability for the years in issue. Moreover, petitioner lays claim to refunds during each of the years in issue. Opinion In all three years in issue petitioner claims deductions for loss of anticipated earnings. The losses were computed by subtracting her actual earnings for the years involved from what she believes she could have earned had she been allowed to engage in her former profession of teaching for the years 1961, 1962, and 1963. Although the amount of gross income petitioner expected to receive may have been diminished by her inability to engage in the teaching profession, to that extent she was relieved of the duty to pay taxes. It is well settled that a taxpayer is not allowed to reduce ordinary income actually received by the amount of income he failed to realize. Hort v. Commissioner, 313 U.S. 28 (1941); Palmer Hutcheson, 17 T.C. 14 (1951). Accordingly, petitioner is not entitled to a deduction for loss *221 of anticipated earnings. On the other side of the coin, petitioner contends that she is being arbitrarily deprived of certain rights and benefits which are supported by tax revenues and that, consequently, she is entitled to avoid Federal taxation as a form of self-regulated redress. If petitioner believes that she is not getting her rightful share of public benefits, we submit that the Tax Court is not the appropriate forum for airing such grievances nor is nonpayment of taxes the proper remedy for any redress that might be owing her. Moreover, petitioner's complaints are directed against the State of California. Complaints of this nature are beyond the jurisdiction of this Court. In Frederick N. Dillon, 20 B.T.A. 690 (1930), the Board of Tax Appeals stated: In order to raise a question of law with respect to the constitutionality of a particular section of any one of the revenue acts, it is not sufficient to allege in general terms that Congress does not have the power to enact the section complained of. The specific constitutional provision alleged to be violated must be pointed out. * * * With the exception of the Fourteenth Amendment which has no application *222 to the Federal Government, petitioner has merely made general criticisms of the Internal Revenue Code as a pernicious instrument serving to deprive her of what she believes to be her rights. She has not, however, alluded to any specific constitutional violations. Therefore, we hold that petitioner has not sustained any charge of unconstitutionality. Decisions will be entered under Rule 50.