RICHARD B. GANTT AND MABEL L. GANTT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 1532–64, 5025–64. Filed June 2, 1966.

Richard B. Gantt, pro se.
*Morley H. White*, for the respondent.

OPINION

PIERCE, *Judge:* Respondent determined deficiencies in the income taxes of the petitioners for their taxable calendar years 1960, 1961, and 1962, as follows:

| Docket No. | Year | Deficiency |
|---|---|---|
| 1532–64 ---------------------------------------- | 1960 | $119. 99 |
| | 1961 | 239. 99 |
| 5025–64 ---------------------------------------- | 1962 | 304. 80 |

The cases were consolidated for trial.

The issue presented is whether the respondent erred in not allowing any retirement income credit to the petitioners for any of the taxable years involved. The decision as to this will depend on the answer to the following question:

For the purpose of computing the retirement income credit provided by section 37 of the Internal Revenue Code of 1954 for a husband and wife who were domiciled in a community property State and who filed a joint income tax return for each of the years involved—should the portion of the wife's retirement income which is to be taken into account for such computation, be reduced to reflect the earned community income derived from the personal services of the husband?

*I*

All of the facts of these consolidated cases have been stipulated, and they are so found. The stipulation of facts, including all exhibits identified therein, is incorporated herein by reference. A summary of the pertinent facts so stipulated is as follows.

The petitioners, Richard B. Gantt and Mabel L. Gantt, are husband and wife residing in Pacific Palisades, Calif. They filed a joint Federal income tax return for each of the taxable years involved with the district director of internal revenue at Los Angeles.

The State of California is, and was at all times here material, a community property State. Both petitioners have resided within said State since 1926 or before. Both are citizens of the United States; and during the years here involved, neither of them had attained the age of 65 years.

The wife, petitioner Mabel L. Gantt, is a retired school teacher who has been so retired since 1957. As the result of her prior services as a school teacher for the Santa Monica (Calif.) Board of Education, she received retirement income from the State Teachers Retirement System (a fund established by the State of California) in the amounts of $3,186.60 for the year 1960, $3,186 for the year 1961, and $3,186 for the year 1962. This retirement income is (as has been stipulated) a retirement annuity that does not represent compensation for personal services rendered during the taxable years here involved.

The husband, petitioner Richard B. Gantt, was employed during each of the taxable years by the County of Los Angeles (Calif.) as a deputy marshal. By reason of the services which he rendered in that capacity within said county, he received salary or wages (constituting earned community income) in the amounts of $7,872 for 1960, $8,200 for 1961, and $8,580 for the year 1962.

In the joint Federal income tax returns which petitioners filed for the taxable years involved, they claimed retirement income credits in the following amounts: $120 for the year 1960, $240 for the year 1961, and $304.80 for the year 1962. These amounts were computed on the basis of the maximum amount of retirement income allowable for credit computation (i.e., $1,200 for 1960 and 1961, and $1,524[1] for 1962) without any reductions being made therefrom by reason of the above-mentioned earned community income received by the husband for said years.

The respondent, in determining the deficiencies herein, disallowed said claimed retirement income credits.

## II

1. The petitioners, as we have hereinabove found, are husband and wife and citizens of the United States, who had continuously resided in the State of California since 1926 or before. There is no dispute that they were, at all times here material, domiciled in that State and subject to the community property provisions of the Civil Code of California. Said code provides so far as here material, as follows:

Sec. 161a. Community property; interests of parties defined

The respective interests of the husband and wife in community property during continuance of the marriage relation *are present, existing and equal interests* under the management and control of the husband * * * This section shall be construed as defining the respective interests and rights of husband and wife in community property. [Emphasis supplied.]

This section was added to the Civil Code in 1927 (Cal. Stats. 1927, ch. 265, p. 484, sec. 1); and the Supreme Court of California has held that it invested the wife with full title to one-half of the community property, ceding alone to the husband the management and control thereof. *Siberell* v. *Siberell*, 214 Cal. 767, 7 P. 2d 1003, 1005 (1932).

The general effect of the above statute upon the Federal income tax liabilities of a husband and wife domiciled in California, is indicated by the following.

In *United States* v. *Malcolm*, 282 U.S. 792 (1931), the Court of Appeals for the Ninth Circuit had certified to the Supreme Court of the United States these questions:

---

[1] Sec. 37(d) of the 1954 Code was amended, effective for taxable years ending after Oct. 24, 1962, so as to increase the maximum amount of retirement income allowable for credit computation, to $1,524. Pub. L. 87–876, sec. 1.

1. Under the applicable provisions of the [Federal] Revenue Act of 1928, must the entire community income of a husband and wife domiciled in California be returned and the income tax thereon be paid by the husband?

2. Has the wife, under § 161(a) of the Civil Code of California, such an interest in the community income that she should separately report and pay tax on one-half of such income?

The Supreme Court answered these questions, per curiam:

The first question certified is answered: No. The second question is answered: Yes. *Poe* v. *Seaborn*, * * * [282 U.S.] p. 101; *Goodell* v. *Koch*, * * * [282 U.S.] p. 118; *Hopkins* v. *Bacon*, * * * [282 U.S.] p. 122.

Subsequently in *Paul Cavanagh*, 42 B.T.A. 1037 (1940), affd. 125 F. 2d 366 (C.A. 9), this Court said:

The only fair inference from this opinion [of the Supreme Court in *United States* v. *Malcolm, supra*] is that the interest of the wife under the California community property laws is of such a vested nature that *one-half of the earnings of the community* can be attributed to her. [Emphasis supplied.]

And similarly in the more recent case of *Marjorie Hunt*, 22 T.C. 228 (1954), this Court stated at page 230:

A husband's earnings from his personal efforts during the marriage are community property under the law of California.[1] *Harrold* v. *Harrold*, 261 P. 2d 800 (1953). The wife's interest in community property in that State is a present, existing, and equal interest with that of her husband, during the continuance of the marriage.[2] For purposes of Federal income taxation, each spouse is equally liable for payment of the tax on his or her respective equal share of the community income. *United States* v. *Malcolm*, 282 U.S. 792 (1931); *Poe* v. *Seaborn*, 282 U.S. 101 (1930). This liability is fixed and definite. It is not a means of splitting income which may be voluntarily chosen or elected to minimize taxes. The wife may not, at her option, return one-half of the community income; she must do so. See *Paul Cavanagh*, 42 B.T.A. 1037 (1940), affirmed on another issue 125 F. 2d 366 (C.A. 9, 1942). * * * [Footnotes omitted.]

2. As regards the credit for retirement income which is here directly involved, section 37 of the Internal Revenue Code of 1954 allows a credit against income tax to a qualified individual on account of retirement income, subject however to certain adjustments and limitations therein provided. Prior to the amendment which was made effective for taxable years ending after October 24, 1962 (Pub. L. 87–876, sec. 1), subsection (d) of said section 37 of the Code provided in material part as follows:

(d) LIMITATION ON RETIREMENT INCOME.—For purposes of subsection (a), the amount of retirement income shall not exceed $1,200 [2] less—

* * * * * * *

(2) in the case of any individual who has not attained the age of 75 before the close of the taxable year, any amount of earned income * * *

B. in excess of $900 received by the individual in the taxable year * * *

---

[2] The amount is $1,524 for taxable years ending after Oct. 24, 1962 (see amendment mentioned in fn. 1, *supra*). Also by said amendment, the age of 75 mentioned in (d)(2) was reduced to age 72, and other provisions were added pertaining to persons who had or had not attained age 62.

Shortly after approval of the 1954 Code, the Internal Revenue Service issued and published Rev. Rul. 55–597, 1955–2 C.B. 15, pertaining to the computation of the retirement income credit provided by section 37 of the 1954 Code—in a situation where in a community property State the wife had received retirement income and the husband had been employed at a salary. Said revenue ruling held, on the basis of statutes and judicial authorities therein cited, that—

In a community property State a spouse's share of the community earnings of the other spouse may serve to reduce the retirement income of the retired spouse for the purpose of the credit provided by section 37 of the Internal Revenue Code of 1954.

Also in Rev. Rul. 59–159, 1959–1 C.B. 26, 28, it is stated:

While community property laws cause income constituting community property to be "received" one-half by each spouse, such laws do not change the nature or character of the income. The character of community income is established by the circumstances under which it is obtained. * * * For example, one-half of the income earned by one spouse in a community property state is "earned income" of the other spouse for purposes of section 37 (b) and (d) (2) of the Code. * * *

Moreover, section 1.37–2 of the Income Tax Regulations provides in pertinent part:

For the purposes of section 37(b) and section 37(d)(2), earned income means the entire amount of such income * * *. Also, for such purposes, income earned by either spouse which constitutes community income under community property laws applicable to such income *shall be treated as earned income received one-half by each spouse.* [Emphasis supplied.]

The Income Tax Regulations, in section 1.37–1(e) thereof, also make provision for the method of computing the retirement income credit in the case of a joint return of husband and wife domiciled in a community property State.

3. In the instant case, the Commissioner of Internal Revenue determined the deficiencies herein through use of computations made in accordance with the above-mentioned principles; and these computations revealed that by reason of the substantial amount of earned community income derived in each of the years involved, no retirement income credit is allowable to petitioners for any of said years. The petitioners have pointed to no error in said computations, as such. However, they have contended on brief that application of said principles upon which the computations were based produces an inconsistency between the income tax treatment of married persons domiciled in community property States and those domiciled in noncommunity property States; and that such inconsistency violates article VI and the 14th amendment of the Constitution of the United States.

There is no merit to such contention of the petitioners. In *Poe* v. *Seaborn*, 282 U.S. 101, 117, the Supreme Court said:

the constitutional requirement of uniformity is not intrinsic, but geographic. * * * And differences of state law, which may bring a person within or without the category designated by Congress as taxable, may not be read into the Revenue Act to spell out a lack of uniformity.

To the same effect see *United States* v. *Davis*, 370 U.S. 65, 71 (1962). We decide the present issue in favor of the respondent.

*Decisions will be entered for the respondent.*

