Seymour Feinstein and Beatrice Feinstein v. Commissioner.
Feinstein v. Commissioner
Docket No. 5138-68.
United States Tax Court
T.C. Memo 1970-288; 1970 Tax Ct. Memo LEXIS 71; 29 T.C.M. (CCH) 1338; T.C.M. (RIA) 70288; October 8, 1970, Filed Seymour Feinstein, pro se, 420 E. 57th St., Brooklyn, N. Y. Marlene Gross, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: Respondent determined a deficiency of $159.75 in petitioners' income taxes for the year 1965. The two issues before *72 us are (1) whether petitioners are entitled to claimed charitable contributions totaling $515 and (2) whether petitioners are entitled to an ordinary and necessary business expense deduction of $400. These issues are purely factual and the burden of proof is on the petitioners. Welch v. Helvering, 290 U.S. 111 (1933); Rule 32, Tax Court Rules of Practice.
Petitioners are husband and wife who had their legal residence in Brooklyn, New York, at the time of filing the petition herein. They filed a joint Federal income tax return for 1965 with the district director of internal revenue, Brooklyn, New York. In their 1965 return, petitioners claimed a deduction of $815 for contributions to a variety of charities. Respondent allowed a $300 deduction but disallowed the remainder. Petitioners had no receipts or records which substantiated any of these claimed contributions. Petitioners' premise appears to be that, since the amounts alleged to have been given to particular charities were small and since the total amount was a small percentage of petitioners' gross income, the deductions *73 were reasonable and should be allowed. Clearly, petitioners' burden of proof cannot be satisfied in this fashion. Moreover, it appears that a sizeable portion of the deductions claimed represented contributions by other members of petitioners' household whom petitioners claimed as dependents. We hold that petitioners are not entitled to any additional deduction for charitable contributions under section 170[1] beyond the $300 allowed by respondent. During 1965, petitioners were elementary school teachers. Petitioner Seymour Feinstein taught the fourth grade and his wife, Beatrice, was a special reading teacher in the third grade. On their 1965 return, petitioners claimed $400 as a business expense deduction. They assert that this amount represented out-of-pocket cash expenditures incident to their teaching duties and that, as such, they constituted ordinary and necessary business expense under section 162(a). These claimed expenditures fall into three categories: (1) Some $300 for science materials (batteries, switches, wires, sockets, light bulbs, magnets), class parties and class plays, extra reading materials, extra *74 art materials, and miscellaneous school supplies; (2) $65 in unrecovered sums for lunch and bus money advanced to students; (3) $15 for the cost of repairing petitioner Seymour Feinstein's watch, which was allegedly broken while he was breaking up a fight on the school grounds. None of these expenditures was substantiated by any receipts or contemporaneous records. Respondent does not contest that petitioners' employment as school teachers constitutes a trade or business. Respondent contends, however, that petitioners have not substantiated any of the claimed expenditures and that, in any event, they are not "ordinary and necessary" because they were not explicitly required by petitioners' employers. Respondent points to the fact that the school itself provides some supplies of the type claimed to have been purchased by petitioners. To the extent that respondent's case rests upon the existence of an employer requirement, we reject it as unduly restrictive. Waring Products Corporation, 27 T.C. 921, 929 (1957). By the same token, we cannot simply apply a "but for" test in order to sustain such expenditures. Ronald D. Kroll, 49 T.C. 557, 566-567 (1968). *75 We think that the "mainsprings of human conduct" (see Commissioner v. Duberstein, 363 U.S. 278, 289 (1960)) dictate the observation that the furnishing of extra school supplies and materials to supplement those provided by the school itself would appear to be an important ingredient in the performance of the duties of an elementary school teacher. Perhaps the courts should be circumspect in defining the type of teacher expenditures which would qualify 1340 for deduction, especially where items which partake of the nature of capital expenditures are involved. Welch v. Helvering, supra.[2] And certainly, it is not too much to expect taxpayers, such as petitioners, to keep some contemporaneous evidentiary record to substantiate their claims. The absence of such evidence plus the generally unsatisfactory and unconvincing nature of the oral testimony makes it unnecessary for us to attempt to delineate where the line should be drawn. [3] We conclude that, while petitioners had some deductible expenditures, the amount did not exceed $50. We hold that amount deductible. *76 As to the unrecovered lunch money and bus money, we are totally unconvinced that any such expenditures were in fact made. Consequently, we sustain the respondent's disallowance in full and do not reach the question whether such sums would, in any event, be deductible. Cf. Ralph E. Wilson, 40 T.C. 543, 551 (1963). [4]
We dispose of the claimed deduction of $15 for watch repair in a similar fashion, noting *77 that, although the damage to the watch may have occurred during the course of petitioner Seymour Feinstein's employment, this in and of itself is not sufficient to justify a business expense deduction. [5]Williard I. Thompson, 15 T.C. 609, 611 (1950), reversed on other grounds, 193 F. 2d 586 (C.A. 10, 1951). Decision will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. Compare Samuel F. Patterson, T.C. Memo. 1968-132, and Jack B. Wheatland, T.C. Memo. 1964-95↩, where most of the items for which deductions were not allowed fell in this category.
3. The following observation of the Supreme Court in Welch v. Helvering, 290 U.S. 111 (1933), at p. 115 is pertinent: "One struggles in vain for any verbal formula that will supply a ready touchstone. The standard set up by the statute [the predecessor of section 162(a)↩] is not a rule of law; it is rather a way of life. Life in all its fullness must supply the answer to the riddle."
4. Compare Dana W. Brown, T.C. Memo. 1970-253↩.
5. Whether this expenditure could be considered a casualty loss is not before us in view of the fact that the amount involved did not exceed the non-deductible limitation of section 165(c)(3).↩