JOHN K. LUNSFORD and SUSAN A. LUNSFORD, petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent JOSEPH G. BAXTER and PATRICIA M. BAXTER, petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lunsford v. Commissioner
Docket Nos. 5081-70 SC AND 5103-70 SC.[1]
United States Tax Court
T.C. Memo 1973-17; 1973 Tax Ct. Memo LEXIS 269; 32 T.C.M. (CCH) 64; T.C.M. (RIA) 73017; January 24, 1973, Filed John K. Lunsford and Joseph G. Baxter, pro se. Louis F. Nicharot and John J. Weiler, for the respondent. INGOLIA
MEMORANDUM FINDINGS OF FACT AND OPINION INGOLIA, Commissioner: In these consolidated cases, the respondent determined deficiencies in petitioners' Federal income tax for the year 1968 as follows: 2 Petitioners
Deficiency John K. and Susan A. Lunsford
$299.58
Joseph G. and Patricia M. Baxter
$288.65
Concessions having been made, the only issue before the Court is whether or not the petitioners may deduct the expenses *270 they incurred in going to law school under section 162(a). [2]
FINDINGS OF FACT - Docket No. 5081-70 SC Some of the facts have been stipulated and are found accordingly. The petitioners, John K. and Susan A. Lunsford, are husband and wife who resided in Silver Springs, Maryland, when their petition was filed. The petitioners filed their Federal income tax return for the calendar year 1968 with the District Director of Internal Revenue at Baltimore, Maryland. John K. Lunsford, hereinafter sometimes referred to as "petitioner", received a Bachelor of Science degree in June of 1966, with a major in physics, from Olivet Nazarene College at Kankakee, Illinois. In the Spring of 1966, he applied for admission to George Washington University Law School, stating that "it is my intention to become active in politics and/or government". He was accepted for its Juris Doctor (J. D. ) %P3 degree program in July, 1966, and started pursuing a full course of study in the night school in September of 1966. He commenced working for the National Bureau of Standards as a research physicist *271 on July 17, 1966, and then left in January of 1968. On or about January 12, 1968, the petitioner started to work for the United States Patent Office in Washington, D. C. , AS A Patent Examiner with the grade of a GS-9. During the taxable year 1968, he continued to pursue a course of study leading to a J. D. degree taking the following subjects: Course
Credits Constitutional Law
4
Unfair Trade Practices
3
Jurisprudence
2
Conflict of Laws
3
Administrative Law
3
Secured Transactions
3
Collective Bargaining & Labor Arbitration
2
Before starting his law studies at George Washington University Law School, the petitioner had no legal training or legal education. When he began his employment with the Patent Office, he had met the minimum educational requirements for his position as a Patent Examiner. The acquisition of a law degree was not an express requirement of either the Bureau of Standards or the Patent Office. 4 The petitioner was not eligible to participate in the Patent Office's Career Development Program in 1968 and did not participate in that or any subsequent year. He graduated from George Washington University Law School in *272 June of 1970, and was awarded a J.D. degree. He was admitted to practice before the United States District Court for the District of Columbia on November 23, 1970, and terminated his employment with the United States Patent Office on November 28, 1970. He is presently a self-employed attorney engaged in the practice of law. In 1968, he expended $1,270 for his legal education, which he claimed as a deduction on his income tax return. FINDINGS OF FACT - Docket No. 5103-70 SC Some of the facts have been stipulated and are found accordingly. The petitioners, John G. and Patricia M. Baxter, are husband and wife who resided in Fairfax, Virginia, when their petition was filed. The petitioners filed their Federal income tax return for the calendar year 1968 with the District Director of Internal Revenue at Richmond, Virginia. John G. Baxter, hereinafter sometimes referred to as "petitioner", received a B.A. degree (no major) and a B.S. degree in electrical engineering from Rutgers University in June of 1967. On February 2, 1967, the petitioner applied for admission to Georgetown University Law Center stating 5 that "Patent law is the most likely option. I am choosing to *273 study law at Georgetown not only for its excellence in legal education but also for its stature in patent law." The petitioner was accepted by Georgetown for its Juris Doctor (J.D.) degree program on May 19, 1967. On June 26, 1967, the petitioner started to work for the United States Patent Office in Washington, D.C., as a Patent Examiner, with the grade of a GS-7. He began pursuing a full course of night study at Georgetown as a degree candidate in September of 1967. During the taxable year 1968, he continued these studies, taking the following courses: Contracts; Torts; Civil Procedure; Patent Law 1; Property; Philosophy of Law; Federal Courts & Federal System. When he began his employment with the Patent Office, the petitioner had met the minimum educational requirements for his position as a Patent Examiner. The acquisition of a law degree was not an express requirement of his employer, the United States Patent Office. In 1968, the petitioner expended $1,325 for his legal education, which he claimed as a deduction on his income tax return. FINDINGS OF FACT - Docket Nos. 5081-70 SC and 5103-70 SC As a Patent Examiner, the petitioners' primary function was to inspect *274 and pass on applications for the granting of a patent filed by inventors to determine if they met the statutory requirements set forth in Title 35 of the United States 6 Code. In considering patent applications, it was necessary for the petitioners to make a determination regarding the technical aspects of the invention as well as the legal efficacy of the application. If the petitioners denied a patent, the applicant could eventually appeal his decision to a Board of Appeals where the petitioners were required to file a brief. If the Board of Appeals passed unfavorably on the application, the applicant might then take further appeal to the Court of Customs and Patent Appeals, at which point the Solicitor of the Patent Office represented the Patent Office in defense of its position. While the petitioners never represented the Patent Office as its attorney in the Court, they did aid the Solicitor in the case. In 1968, the Patent Office had a Career Development Program for Patent Examiners and Related Professional Fields. An examination of that program indicates that in the lower grades (grades GS-5 through GS-9), Patent Examiners performed "Basic Functions" and were subject *275 to close review. As the Patent Examiner progressed through the higher grades (grades GS-11 through GS-17), his duties acquired greater scope, including the performance of "Legal Functions", and he was subject to cursory or no review. Depending on the direction the Patent Examiner chose to pursue (i.e., Administrative or Technical), he was required to have a Bachelor of Laws degree and/or to be a member of the Bar in certain positions beginning as 7 early as a grade GS-11 and continuing on through GS-17. Under the Career Development Program, the Patent Office would pay for an employee's education in law and other fields related to patent work provided the employee agreed to stay with the Patent Office for at least five years. In order to qualify the employee had to have a year's service with the Patent Office. Section 1.162-5(b) (3), Income Tax Regs., contains specific references to the teaching profession and states that "all teaching and related duties shall be considered to involve the same general type of work." The 55 states of the Union and outlying areas (such as Guam) have varying requirements for one to be certified as a school counselor. Some require either a *276 Master's degree or a certain number of graduate semester hours ranging from 15 to 36. In 51 out of 55 states and areas, the individual must be eligible to be locally certified as a classroom teacher and 45 require the individual to have actual teaching experience ranging from one to five years. OPINION Since both petitioners have joined in the filing of a brief and since the pertinent facts as to each petitioner are basically the same, the remarks set forth below apply to each petitioner equally unless otherwise specified. 8 Section 162(a) provides generally that "there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Sec. 1.162-5, Income Tax Regs.[3] sets down much more specific criteria and in pertinent part allows education expenses to be deducted if the education maintains or improves skills required by the individual in his employment and if the expenditures do not fall within specified nondeductible categories. The nondeductible category involved here is "expenditures made by an individual for education which is part of a program of study being pursued by him *277 which will lead to qualifying him in a new trade or business." Sec. 1.162-5(b) (3) (i). In addition, the regulations contain the proposition that "all teaching and related duties shall be considered to involve the same general type of work." *278 Here, the petitioners argue that (1) the law school education did not lead to qualifying them for a new trade or business or if it did, then alternatively, the regulation is invalid because "Qualification for a new trade or business is beyond the scope of and not reasonably based upon paragraph 10 162 of the Code"; (2) the regulation is invalid because it discriminates against nonteachers; and (3) the deduction should be allowed because the education maintained and improved the petitioners' skills in their employment. As to the first argument, we think it clear that the job of a Patent Examiner is quite different from the general practice of law. Cf. Ronald F. Weiszmann, 52 T.C. 1106 (1969), affd. per curiam 443 F.2d 29 (C.A. 9, 1971). The petitioners urge that as Patent Examiners they actually practiced law. They analogize their duties with the patent attorney or patent agent representing an applicant, pointing out how they deal with the same legal questions only from opposite sides of the table. Even were we to agree with the petitioners' characterization of their job as Patent Examiners, we would still hold that under the regulation their *279 completion of law school and/or becoming members of the Bar "will lead to qualifying him in a new trade or business" - namely, the general practice of law. Further, even if the petitioners never entered the general practice of law, the expenditure would still be nondeductible because "Even if an individual taking a course which both qualifies him for a new profession and improves his skills and earning power in his current field of endeavor does not intend to enter the new profession, his purpose and intention may change." David N. Bodley, 56 T.C. 1357 (1971). Here, indeed, it is a fact that one of the petitioners stopped 11 being a Patent Examiner as soon as he became qualified to enter the practice of law. In regard to the alternative argument that the regulation is invalid because the "qualifying for a new business" provision is beyond the scope of Code section 162, this Court has already held that the regulation is valid. Ronald F. Weiszmann, supra; Jeffry L. Weiler, 54 T.C. 398 (1970); James A. Carroll, 51 T.C. 213 (1968), affd. 418 F.2d 91 (C.A. 7, 1969); David N. Bodley, supra. However, reluctantly, *280 we are compelled to so hold here. In the words of the regulation, the expenditures involved are "personal expenditures" or "an inseparable aggregate of personal and capital expenditures" nondeductible under section 262. [4]
As to the second averment that the regulation is invalid because it discriminates against nonteachers, the petitioners have not cited any case law to support the premise nor do they refer to the specific constitutional provision they would have the Court consider. [5] Therefore, it is difficult to approach the question except in general terms. On reading the regulation and the language it contains regarding teachers, we do 12 not believe it violative of any constitutional privilege. Admittedly, it sets out parameters regarding what types of activities might be included in the trade or business of being a teacher. Apparently, the petitioners believe this improper because, in their view, a teacher who seeks to become a guidance counselor for example, must acquire more *281 additional education in more unrelated areas than a patent examiner who attends law school in a degree program. While we might agree that the application of the regulation to a particular set of facts would seem to treat teachers differently than another group of taxpayers, we do not believe this of itself is discriminatory or that it violates any constitutional provision. The Internal Revenue Code as well as other regulations are continually defining and differentiating classes of taxpayers with a view to taxing or not taxing the particular group involved. This is not discriminatory or unreasonable. The petitioners here seem to be asking for a kind of intrinsic uniformity within the regulation which is neither warranted nor indeed, possible under our present tax system. [6]
*282 13 Finally, as to the last argument that the petitioners' education was to maintain and improve skills needed in their occupation, we need not make any determination. This question is moot since we have already determined that the expenditures cannot be deducted because the law school education will lead to qualifying the petitioners in a new trade or business. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent in Docket No. 5081-70 SC. Decision will be entered under Rule 50 in Docket No. 5103-70 SC. Footnotes
1. The petitioners filed a motion to consolidate these cases for purposes of trial, briefs, and opinion since they involved the same basic facts and legal issue. The Court has granted the motion. ↩
2. All section references are to the Internal Revenue Code of 1954, unless otherwise indicated. ↩
3. Sec. 1.162-5. Expenses for education. * * * (b) Nondeductible educational expenditures - (1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. * * * (3) Qualifications for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work. The following are examples of changes in duties which do not constitute new trades or businesses: (a) Elementary to secondary school classroom teacher. (b) Classroom teacher in one subject (such as mathematics) to classroom teacher in another subject (such as science). (c) Classroom teacher to guidance counselor. (d) Classroom teacher to principal. (ii) The application of this subparagraph to individuals other than teachers may be illustrated by the following examples: Example (1). A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business. Example (2). Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business. ↩
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
5. See Frederick N. Dillon, 20 B.T.A. 690 (1930) and Irving A. Adler, T.C. Memo. 1966-63↩, where the Court refused to consider the question under similar circumstances. 6. Cf. Marks v. Commissioner, 390 F.2d 598 (C.A. 9, 1968), affg. T.C. Memo. 1966-62; Richard B. Gantt, 46 T.C. 290 (1966)Poe v. Seaborn, 282 U.S. 101 (1930); United States v. Davis, 370 U.S. 65 (1962); see also Ronald F. Weiszmann, supra↩, where the Ninth Circuit noted why it believed the regulation properly treated teachers as it did.