VERNON L. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Johnson v. Commissioner
Docket No. 4278-77
United States Tax Court
T.C. Memo 1978-395; 1978 Tax Ct. Memo LEXIS 120; 37 T.C.M. (CCH) 1645; T.C.M. (RIA) 78395; October 2, 1978, Filed *120 Petitioner, indicted for murder in 1972, made claims on his 1973 Federal income tax return for (1) a casualty loss deduction for wages not received when temporarily dismissed from his job, and (2) a business deduction for legal expenses in defending the criminal proceedings. Further, petitioner contends that he is eligible for a carryover of a 1972 net operating loss into 1973. Held, (1) no deduction is allowed for wages or salary never received; (2) defending against the murder charges was a personal expense under section 262, I.R.C. 1954; and (3) a net operating loss carryover will not be allowed where no proof is offered of the effects of the carryback required under section 172(b), I.R.C. 1954. Vernon L. Johnson, pro se. R. Dale Eggleston, for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, Judge: Respondent determined a deficiency in petitioner's Federal income taxes for the year 1973 in the amount of $ 1,842.00, as set forth in his statutory notice of deficiency dated February 2, 1977. The issues presented for our decision are (1) whether petitioner should be allowed a casualty loss deduction on his 1973 return for wages not received in 1972 as a result of his being temporarily dismissed from work relative to a criminal indictment against him; (2) whether petitioner may deduct the legal expenses incurred while opposing *122 this indictment in 1973 as business expenses, and (3) whether petitioner is entitled to a loss carryover deduction on his 1973 Federal income tax return. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Vernon L. Johnson, resided at Glen Burnie, Maryland during the time in question and when the petition herein was filed. During this same period, Vernon operated a small tavern in Baltimore to provide a second income. He timely filed a Federal income tax return for 1973 with the Internal Revenue Service Center, Philadelphia, Pennsylvania. On January 8, 1972, Vernon was arrested for murder and was indicted soon thereafter.Because of this indictment, Vernon was immediately dismissed from employment by his employer, Proctor and Gamble. Almost one year later, January 7, 1973, the charges against Vernon were dismissed and he was reinstated to his former position with Proctor and Gamble. Vernon estimates that he lost approximately $ 19,500.00 in wages not received for the period of his dismissal from Proctor and Gamble. Neither Vernon's *123 1972 Federal income tax return nor his 1973 return made any mention of the lost income as earned and taxable. Vernon claims the amount of unpaid wages as a casualty loss deduction for 1973. In addition, Vernon incurred legal expenses of $ 2,890.00 in defending against the indictment and claims this amount as a business expense, to protect the solvency of his tavern, on Schedule C of his Form 1040 for 1973. Respondent disputes these claims and has determined a deficiency in Vernon's income taxes for 1973 in the amount of $ 1,842.00.[1]
Additional hardship was experienced by Vernon in 1972 when his home was damaged by a flood. Vernon had no flood insurance. The amount of this loss was properly claimed as a casualty loss deduction on Vernon's 1972 Federal income tax return, resulting in a net operating loss of $ 13,824.00 for that year. This loss was not applied to Vernon's Federal income tax return for 1969, 1970, or 1971 and the taxable income amounts for those years have not been *124 revealed to us. Vernon contends that he should be allowed to carry this loss forward to 1973 and beyond regardless of any carryback. Respondent opposes this carryover unless Vernon first makes some showing of its inapplicability to taxable years 1969, 1970, and 1971. OPINION 1. Casualty loss. It is well established that a taxpayer is not entitled to deduct wages or salary that he could have earned had be been employed, as a casualty loss or under any other theory. Hort v. Commissioner, 313 U.S. 28 (1941); Hendricks v. Commissioner, 406 F. 2d 269 (5 Cir., 1969), affirming a Memorandum Opinion of this Court (26 T.C.M. 636, 36 P-H Memo T.C. par. 67,140 (1967)); Marks v. Commissioner, 390 F. 2d 598 (9 Cir., 1968), affirming a Memorandum Opinion of this Court (25 T.C.M. 338, 35 P-H Memo T.C. par. 66,062 (1966)); Hutcheson v. Commissioner, 17 T.C. 14 (1951); 5 Mertens, Federal Income Taxation, § 28.12. Vernon never received the $ 19,500.00 in question, did not report it as income and, thus, had no basis on which to establish a loss for 1973. [2] We cannot allow cash basis *125 taxpayers to benefit from deductions for disappointed expectations if they are not to be held taxable when these expectations arise. We hold for respondent on this issue. 2. Legal expenses. During 1973, Vernon spent $ 2,890.00 in legal fees to defend himself against charges of murdering his wife.While Vernon contends that the success of the defense of this criminal action was important to the solvency of his tavern, the foundation of the charges against him, and thus, of the corresponding defense, were not related to his business activities. The consequences *126 of the result in Vernon's murder trial are not a determinative factor of this issues.As stated by the United States Supreme Court in United States v. Gilmore, 372 U.S. 39 (1963), reversing and remanding 290 F. 2d 942: The origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was "business" or "personal" and bence whether it is deductible * * * Therefore, we must hold, under the facts of this case, that the legal fees incurred by Vernon in 1973 were nondeductible personal expenses under section 262, Internal Revenue Code of 1954. 3. Loss carryover. In another attempt to reduce taxable income for 1973, Vernon contends that he is entitled to carry over his 1972 net operating loss into 1973.However, section 172, Internal Revenue Code of 1954, requires that any loss must first be carried back to offset income in the previous three years before being carried forward. Thus, Vernon must be able to show that there was no income to be offset in 1969, 1970 *127 and 1971 before he can apply the loss in full to 1973 income. Further, the burden of meeting these requirements is on the taxpayer. See UnitedStates v. Olympic Radio & Television, Inc.,349 U.S. 232 (1955); Altman v. Nixon, an unreported case ( E.D. N.Y., 1973, 39 AFTR 77-552, 77-1 USTC par. 9222). Vernon has not met this burden. Therefore, we must hold for respondent on this issue. In light of the above findings, Decision will be entered for the respondent. Footnotes
1. Relative to the resultant increase in adjusted gross income caused if petitioner's business deduction were disallowed, respondent has increased petitioner's sales tax deduction by $ 23.00.↩
2. It should be noted that Vernon attempted to deduct lost wages from 1972 and 1973 as a casualty loss for the taxable year 1973. Assuming such a deduction were allowed, which it is not, loss wages for January 8, 1972, to December 31, 1972, should have been deducted in the taxable year 1972.Section 165(a), Internal Revenue Code of 1954; section 1.165-1(d)(1), Income Tax Regs.↩ However, this is not dispositive of the entire issue, since the period of loss wages includes part of 1973. Therefore, the broader question of whether to allow the casualty deduction at all is addressed in our opinion.