DENNIS D. DANGLER AND JEAN C. DANGLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dangler v. Commissioner
Docket No. 18966-80
United States Tax Court
T.C. Memo 1983-44; 1983 Tax Ct. Memo LEXIS 748; 45 T.C.M. (CCH) 575; T.C.M. (RIA) 83044; January 24, 1983. Dennis D. and Jean C. Dangler, pro se. H. Steven New, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Darrell D. Hallett pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *749 OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioners' 1977 Federal income tax in the amount of $375. The issue is whether, in calculating the amount of Credit for the Elderly allowable to petitioners with respect to petitioner-husband's military retirement pay, the amount of retirement pay attributed to petitioner-husband must be reduced by one-half of the community earnings of petitioner-wife in arriving at the base upon which the credit is calculated. Petitioners resided in San Diego, California on the date that their petition was filed. Throughout the tax year 1977, petitioner Dennis D. Dangler was under 62 years of age and was retired from the U.S. Navy. He received retirement pay for the year 1977 from the Navy in the amount of $5,869.03. Mr. Dangler enlisted in the Navy in 1956 in Nebraska and served continuously in the Navy until his retirement in December 1976. Mr. Dangler did not reside in Nebraska after his enlistment.During 1972, petitioners purchased a residence in San Diego, California, and they have resided there through the present date. Mrs. Dangler has been employed as a legal secretary *750 in San Diego since June 1975. After retiring from the Navy in 1976, petitioners traveled to Nabraska for Christmas and New Year's holidays and Mr. Dangler investigated employment opportunities there at the time. However, Mr. Dangler determined that his opportunity for employment was better in San Diego, and petitioners returned to their home in San Diego in January 1977 where Mrs. Dangler continued her employment as a legal secretary and Mr. Dangler began looking for employment. Throughout the tax year 1977, petitioners were domiciled in California and the earnings of Mrs. Dangler were community property of petitioners. On an amended income tax return for the year 1977, petitioners claimed a Credit for the Elderly in the amount of $375. In calculating the credit, petitioners attributed $2,500 of their military retirement pay to Mr. Dangler (the maximum amount upon which the credit could be based under section 37(e)(5)) and calculated the credit by taking 15 percent of hat amount. Petitioners did not reduce the retirement pay upon which the credit was calculated by any of the earned income of Mrs. Dangler. Respondent determined that Mrs. Dangler's earnings are community *751 property, and that one-half of her earnings ($4,095) must, pursuant to section 37(e), reduce to the extent it exceeds $900) the retirement income upon which the credit can be calculated. Accordingly, respondent determined that petitioners are entitled to no credit. Section 37(e) provides the rules with respect to the amount of credit for the elderly available in the case of taxpayers under age 65 who receive income from pensions and annuities under a public retirement system such as military retirement pay. Those rules, insofar as applicable to this case, require that the amount of retirement income eligible for the credit shall not exceed $2,500, reduced by any amount of earned income in excess of $900. Section 37(e)(5). Effective for the tax year 1977, "earned income" for purposes of section 37(e)(5) was defined in section 911(b), and that definition clearly includes Mrs. Dangler's salary, assuming it can be attributed to Mr. Dangler by reason of California Community Property Laws. Prior to its amendment affective for the tax years beginning after December 31, 1977, section 37(e) did not expressly provide whether or not the limitations imposed by section 37(e)(5) with regard *752 to earned income should be determined with regard to state community property laws. However, in Gantt v. Commissioner,46 T.C. 290 (1966), we squarely held that under California State Community Property Laws a spouse's earnings are community property, and therefore one-half of those earnings must be attributed to the other spouse who receives retirement income for purposes of calculating the credit provided by section 37. See also Miller v. Commissioner,51 T.C. 755, 763-765 (1969). Also in Gantt, we rejected the same argument as is made by petitioners in this case, namely, that the application of community property laws to the calculation of the Credit for the Elderly for Federal tax purposes is unconstitutional because it discriminates between persons living in community versus noncommunity property states. In this regard, we quoted from the Supreme Court's opinion in Poe v. Seaborn,282 U.S. 101, 117-118 (1930): * * * the constitutional requirement of uniformity is not intrinsic, but geographic. * * * And differences of state law, which may bring a person within or without the category designated by Congress as taxable, *753 may not be read into the Revenue Act to spell out a lack of uniformity. * * * [Citations omitted]. In view of (1) the maintenance of their home in San Diego continuously since 1972; (2) the employment by Mrs. Dangler in San Diego continuously since 1975; (3) the physical residence of Mr. Dangler in San Diego since 1972; and (4) the lack of any permanent contact by petitioners with Nebraska since 1956, we believe it is clear, and we have found as a fact, that petitioners were domiciled in California throughout the tax year 1977 and that Mrs. Dangler's earnings constitute community property. See, California Civil Code, sec. 5110 (West 1970); Smith v. Smith,288 P.2d 497, 45 Cal.2d 235 (1955). Accordingly, it is clear that respondent has correctly determined that petitioners are not eligible for the credit. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment and on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.