DANIEL O. AND PATRICIA A. MEASELES, ET AL. [1], Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Measeles v. Commissioner
Docket Nos. 1216-81, 6153-81, 6154-81.
United States Tax Court
T.C. Memo 1983-90; 1983 Tax Ct. Memo LEXIS 697; 45 T.C.M. (CCH) 735; T.C.M. (RIA) 83090; February 9, 1983. Jeffrey Shrom, for the petitioners. Randy G. Durfee, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax: Petitioners
Dkt. No.
Year
Deficiency
Daniel O. and
Patricia A. Measeles
1216-81
1977
$1,090.00
Daniel O. Measeles
6153-81
1978
2,057.00
Patricia A. Measeles
6154-81
1978
2,057.00
Additions to Tax
Petitioners
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [2]
Daniel O. and
Patricia A. Measeles
None
None
None
Daniel O. Measeles
$454.94
$102.85
$56.19
Patricia A. Measeles
454.94
102.85
56.19
*698 Concessions have been made by respondent. The issues remaining for decision are: (1) whether petitioner Daniel O. Measeles is entitled to deduct employee business expenses of $3,408 for the year 1977; (2) whether each petitioner, who resides in Arizona, a community property state, received gross income of $12,864.32 in 1978 as the community share of income earned by Daniel O. Measeles and not reported on any Federal income tax return for that year; and (3) whether petitioner Daniel O. Measeles, relying on a general Fifth Amendment claim, failed to carry the burden of proving error in respondent's determination with respect to deficiencies and additions to tax under sections 6651(a), 6653(a) and 6654 for the year 1978. Some of the facts are stipulated and are found accordingly. To facilitate the disposition of the issues our findings of fact and opinion will be combined. Petitioners, who were husband and wife in 1977 and 1978, were residents of Show Low, Arizona, at the time they filed their petitions in these cases. *699 I. The Year 1977--Employee Business Expenses
Petitioners timely filed a joint Federal income tax return for the year 1977 which contained detailed information as to income and deductions. Daniel O. Measeles (hereinafter sometimes referred to as petitioner or Daniel) is an electrician who maintained a residence for himself and his wife and children in Show Low, Arizona, during 1977 and 1978. He worked on jobs of temporary duration in those years in Alaska and in Arizona. He incurred expenses in 1977 for transportation, meals and lodging totaling $3,408. Based on petitioner's records and his testimony at trial, respondent has conceded in his brief that the petitioner is entitled to expenditures ($1,079.76) made with respect to his transportation, meals and lodging in traveling between his home in Show Low, Arizona, and his job in Alaska and for the two trips to Globe, Arizona, and Phoenix while seeking new employment. That leaves $2,328.24 in dispute. However, respondent also concedes that, if this Court determines that petitioner's job in St. Johns, Arizona, was temporary rather than indefinite, then he is entitled to the remaining employee business expenses he claimed. *700 Hence, the only thing we must decide as to this issue is whether the petitioner's job in St. Johns, Arizona, in 1977 was temporary or indefinite. This is a question of fact. Peurifoy v. Commissioner,358 U.S. 59, 60 (1958). The Court of Appeals for the Ninth Circuit, the forum to which an appeal here would lie, held in Harvey v. Commissioner,283 F.2d 491 (9th Cir. 1960), reversing 32 T.C. 1368 (1959), that it is necessary to distinguish between "substantially long" and "substantially short" employment rather than temporary and indefinite. But we do not think the state of the law on this question is materially different in the Ninth Circuit than it is elsewhere. Cf. Hillgren v. Commissioner,T.C. Memo. 1980-101. After petitioner returned from the temporary job in Alaska that he had with the Rogers Electric Division of Newbery Constructors, Inc., he sought other employment through the Union Hall at Globe. In late June 1977 he obtained employment with Bechtel Power Corporation at its project in St. Johns, Arizona, which is located approximately 60 miles from his home in Show Low. He therefore worked outside the general *701 area of his "tax home," i.e., Show Low. This employment terminated during mid-1978 when the petitioner began his employment with Liberty Electric, Inc. Unquestionably the petitioner's job with Bechtel in St. Johns lacked permanence. He knew when he accepted the employment there that his stay would be relatively short. As an electrician, he could have been fired, recalled by the union or laid off. Considering the jobs of short duration that he had previously held and the length of time (about one year) he worked on the Bechtel project, we are persuaded that his employment in St. Johns was of a temporary or "substantially short" nature. We so hold.Therefore, the remainder of the claimed employee business expenses are allowable as a deduction. II. The Year 1978
1. Unreported Community Property Income
On April 18, 1979, Daniel filed with the Internal Revenue Service Center at Ogden, Utah, a Form 1040 for the year 1978 on which he reported no income, credits, deductions or tax liability.On each pertinent line of the Form 1040 appears the words "Object--self incrimination" or "None." The Form 1040 was not accepted by the Internal Revenue Service as a valid Federal *702 income tax return for that year. Patricia A. Measeles filed no Federal income tax return for the year 1978. Based on Forms W-2 (Wage and Tax Statements) furnished by Daniel's employers, Bechtel Power Corporation and Liberty Electric, Inc., Daniel earned gross income totaling $25,728.66 in 1978. Therefore, respondent determined in his notices of deficiencies dated December 31, 1980, to Daniel and Patricia that the share of community property income of each was $12,864.32.This amount was treated as the gross income of each less one-half of the Federal income tax withheld. The tax of each was computed from the tax table with exemptions allowed. In 1978 Daniel and Patricia resided in Arizona which has a community property system for determining marital rights to property. It is well settled that state law determines who owns income. United States v. Mitchell,403 U.S. 190 (1971). In Arizona the wife has a vested, present and subsisting interest in the community property of her husband and the right to file a separate return of one-half of the income arising therefrom. Goodell v. Koch,282 U.S. 118 (1930). Consequently, respondent properly allocated *703 one-half of the community income to Patricia, and one-half to Daniel.Cf. Gantt v. Commissioner,46 T.C. 290, 292-293 (1966); Hunt v. Commissioner,22 T.C. 228, 230 (1954). 2. Fifth Amendment Claim
Petitioner Daniel O. Measeles has pursued a strange course in presenting these cases. For the year 1977 he filed a valid Federal income tax return and he offered documentary evidence and testimony in support of his claimed employee business expenses. However, for the year 1978 he chose to file a "no information" Form 1040 which does not constitute a return. United States v. Porth,426 F.2d 519 (10th Cir. 1970). Instead, having obviously become embroiled in a tax "protest" movement, he asserted Fifth Amendment claims on his Form 1040, and at the trial he repeatedly claimed his Fifth Amendment privilege. He refused to offer documentary evidence or testimony with respect to respondent's determinations for 1978. He offered no evidence to show that he is entitled to any deductions. Welch v. Helvering,290 U.S. 111 (1933). In other words, he had completely failed to carry his burden of proving the incorrectness *704 of respondent's determination with respect to the deficiencies. [3]Welch v. Helvering,supra;Rule 142(a), Tax Court Rules of Practice and Procedure.
We think petitioner's Fifth Amendment argument on this record is groundless.Respondent's counsel stated in open court that, to his knowledge, no criminal proceeding or investigation was pending against petitioner for the year 1978. The Fifth Amendment privilage against self-incrimination may be invoked only when an answer to the question posed would expose the petitioner to danger of prosecution; remote or speculative possibilities of prosecution for unspecified crimes do not relieve petitioner of the duty to respond. E.g., McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), affd.     F.2d     (9th Cir. 1983). As stated by the Court of Appeals in Lukovsky v. Commissioner,692 F.2d 527, 528 (8th Cir. 1982), affg. an order of this *705 Court: "The Fifth amendment may not be used as a subterfuge to avoid paying taxes. See, e.g., Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982)." 3. Additions to Tax
Petitioners have also failed to show that respondent erred in his determinations of additions to tax under sections 6651(a), 6653(a) and 6654. (a) Section 6651(a)--Failure to File Timely Return
Petitioner's "no information" Form 1040 for 1978 did not constitute a return. United States v. Porth,supra. Neither he nor his wife, who filed no return for that year, have shown any reason why their failure to file was due to reasonable cause and not to willful neglect. Indeed, they filed a joint return for 1977 containing detailed information as to income and deductions, which of course is indicative that they knew of their duty to file returns in accordance with the law. (b) Section 6653(a)--Negligence
Petitioners have shown nothing to refute respondent's determination that their underpayments of tax were due to negligence or intentional disregard of rules and regulations. Therefore, respondent's determination in this respect is sustained. (c) *706 Section 6654--Failure to Pay Estimated Tax
The addition to tax for failure to pay estimated tax is mandatory except in carefully delineated circumstances. Petitioners have not shown that they fall within any of the exceptions. Reaver v. Commissioner,42 T.C. 72, 82 (1964). To reflect respondent's Concessions and our conclusions herein, Decision will be entered for the petitioners in docket No. 1216-81.
Decisions will be entered for the respondent in docket Nos. 6153-81 and 6154-81.
Footnotes
1. Consolidated herewith are the cases of Daniel O. Measeles, Docket No. 6153-81, and Patricia A. Measeles, docket No. 6154-81.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
3. It is unfortunate that petitioner relentlessly and stubbornly adhered to his course of action, despite the urgings of the Court to the contrary, because he may have been able to establish substantial employee business expenses for 1978.↩