EDDIE L. CARTER AND DOROTHY J. CARTER, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5994-69SC.  Filed October 22, 1970.

Eddie L. Carter, pro se.
*W. John Howard, Jr.*, for the respondent.

STERRETT, *Judge:* Respondent determined a deficiency of $412.29 in petitioner's income tax for the taxable year 1967.

Certain of the adjustments set forth in the statutory notice have not been contested by the petitioners. Consequently there remains only one issue for decision: Whether petitioner, Eddie L. Carter, furnished more than half the total support of his paternal grandmother in 1967 so as to be allowed a deduction for personal exemption for his grandmother pursuant to section 151 of the Internal Revenue Code of 1954.[1]

### FINDINGS OF FACT

Eddie L. Carter (hereinafter referred to as petitioner) and Dorothy J. Carter, husband and wife, were residents of Forth Worth, Tex., at the time they filed their petition herein. They filed a joint Federal income tax return for 1967 with the district director of internal revenue in Dallas, Tex.

During 1967 petitioner's paternal grandmother, Zula B. Carter (hereinafter referred to as Zula), resided with him. At that time petitioner's residence was occupied by five persons: himself, his wife, his two children, and Zula. Zula was 82 years of age during the year in issue.

There are seven rooms in petitioner's house: Three bedrooms, a living room, a dining room, a kitchen-den combination, and a bathroom. The house is of frame construction with brick veneer. It has central air conditioning and contains 1,500 square feet in area. During 1967 the house was worth in excess of $15,000. The furnishings in the house had an approximate value of $12,000. The rental value of the house furnished was $2,820 per year. One-fifth of the rental value, or $564, is attributable to support provided Zula by petitioner.

---

[1] All section references are to the Internal Revenue Code of 1954 unless otherwise stated.

Petitioner incurred expenses for utilities during 1967, and one-fifth of these expenses are attributable to Zula's support. The specific amounts were:

| | Annual amount | Zula's share |
|---|---|---|
| Electric | $348. 00 | $69. 60 |
| Natural gas | 144. 00 | 28. 80 |
| Water and sanitation | 96. 00 | 19. 20 |
| Telephone | 79. 00 | 15. 80 |
| | | 133. 40 |

Petitioner spent $416 on food for Zula. However, Zula reimbursed petitioner in the amount of $240 out of her own funds. Thus, the net expenditure on Zula's food by petitioner was $176. Additionally, petitioner expended $24 on local transportation for Zula between home and the doctor or druggist (three trips per month on the average), and $18 on Zula's commercially done ironing and laundry. Other transportation for recreational purposes was also furnished by petitioner.

During 1967 Zula received a total of $942 in old-age assistance payments from the State of Texas. The State also paid the premiums on Medicare in the amount of $36 and her premiums for Medicaid in the amount of $34.36. Out of the $942 she received from the State, Zula made the following expenditures:

| | | | |
|---|---|---|---|
| Health insurance premiums | $112. 00 | Burial insurance | $19. 20 |
| Clothing | 48. 00 | Gifts | 60. 00 |
| Hairdresser | 60. 00 | Food (paid to petitioner) | 240. 00 |
| Cosmetics | 36. 00 | Medicine and drugs | 87. 00 |
| Stationery | 24. 00 | Medical and dental | 166. 00 |
| Long-distance telephone | 12. 00 | | |
| | | | 864. 20 |

Zula also gave an unspecified amount of money to her son, who is petitioner's father.

Petitioner's contributions and the State old-age assistance payments were Zula's only sources of support.

On his Federal income tax return for the taxable year 1967, petitioner claimed a dependency credit for his grandmother. Respondent disallowed the claimed credit and in a statutory notice dated September 3, 1969, stated:

It is determined that you are not entitled to the claimed $600 dependency exemption for Zula Carter because you failed to establish that you provide more than half of her support. Accordingly, your taxable income is increased $600.

## OPINION

There is only one question before this Court and it is purely factual. We are to decide whether petitioner can take a dependency deduction

for his paternal grandmother, Zula B. Carter. The question comes down to a determination of whether petitioner provided over one-half of the total support received by his grandmother during 1967.[2]

Appearing pro se, petitioner testified in his own behalf, and was the only witness at trial. Petitioner was forthright and truthful in his testimony. We find no reason to doubt him.

According to petitioner's testimony he provided his grandmother with lodging in his home having a fair rental value of $564, with utilities having a total value of $133.40, and food having a net cost of $176. Petitioner also paid $18 for Zula's ironing and laundry, and provided her with local transportation between home and the doctor and druggist valued at $24. Petitioner's enumeration of the foregoing support items totals $915.40 in value. Additional transportation of an unspecified value for recreational purposes was also provided Zula by petitioner. All these items constitute expenditures for the support of Zula. *Emil Blarek*, 23 T.C. 1037 (1955) ; see *Raymond M. McKay*, 34 T.C. 1080 (1960).

During 1967 the State of Texas made old-age assistance payments to Zula which totaled $942.[3] Additionally the State paid an aggregate of $70.36 in Medicare and Medicaid premiums for the benefit of Zula. The State and petitioner were the only sources of support for Zula during 1967. Since the support given by petitioner was in kind, it appears that the old-age assistance payments were Zula's only source of cash.

Out of the $942 she received from the State, Zula spent a total of $785 on health insurance, clothing, hairdresser, cosmetics, stationery, telephone, food, and medical care. These purchases were for Zula's support. See *Raymond M. McKay, supra.* Respondent appears to concede in his memorandum brief that Zula also made nonsupport ex-

---

[2] SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS.

(a) ALLOWANCE OF DEDUCTIONS.—In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income.

\*        \*        \*        \*        \*        \*        \*

(e) ADDITIONAL EXEMPTION FOR DEPENDENTS.—

(1) IN GENERAL.—An exemption of $600 for each dependent (as defined in section 152)—

(A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or

SEC. 152. DEPENDENT DEFINED.

(a) GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer) :

\*        \*        \*        \*        \*        \*        \*

(4) The father or mother of the taxpayer, or an ancestor of either,

[3] Respondent has published the position that payments such as those made in this case to and for the benefit of Zula do not constitute gross income to the recipient. Rev. Rul. 57–102, 1957–1 C.B. 26.

penditures of $19.20 on burial insurance [4] and $60 on gifts. Under any circumstances we so hold. Additionally, Zula made a gift of an unspecified amount to her son who is petitioner's father.

Including Medicare and Medicaid premiums the total funds expended on or given to Zula by the State amounted to $1,012.36. Out of this total the evidence reveals that $79.20 was spent on nonsupport items and that $855.36 was spent on support items. This leaves an unaccounted for balance of $77.80. If this unaccounted for balance of $77.80 is added to the $855.36 clearly spent on support we arrive at a total of $933.16. This total is $17.76 greater than the sum of $915.40, resulting from the list, itemized by type and value, of support items petitioner furnished. If more than $17.76 was spent—singly or in combination—by Zula on nonsupport or by petitioner on support items, then petitioner is entitled to a dependency deduction for his grandmother.

Petitioner, in testifying as to his support for Zula, claimed he provided transportation valued at $24. He further testified that this figure did not include the value of recreational transportation which petitioner did in fact furnish. This additional transportation was an expenditure for the support of Zula. In addition to other gifts, Zula gave her son a gift of an amount unspecified in the testimony before this Court. This gift was a nonsupport expenditure. We find that the value of the recreational transportation and the value of the gift Zula gave her son, either singly or in combination, exceeded $17.76. Cf. *Cohan* v. *Comimssioner*, 39 F. 2d 540 (C.A. 2, 1930). Accordingly we decide that in 1967 petitioner provided more than one-half his grandmother's total support, and is entitled to take his grandmother as a dependent in that year.

Respondent argues that all the payments made by the State of Texas constitute support because the amount of the payments is based upon a determination of the recipient's need.[5] However the test to be applied, for purposes of determining entitlement to an exemption under Federal income tax laws, is one of actual support.[6] *Emily Marx*, 13 T.C. 1099, 1105 (1949). We are not bound by the characterization of old-age assistance payments under State law. *Burnet* v. *Harmel*, 287 U.S. 103 (1932). Thus the manner in which the recipient spends the old-age assistance payments is critical. So here we have found for the petitioner because his grandmother did not spend all the payments she received on her own support, and the support expenditures she

---

[4] See Rev. Rul. 65–307, 1965–2 C.B. 40.

[5] Respondent's contention is based on the position he takes in Rev. Rul. 59–232, 1959–2, C.B. 52.

[6] It appears that respondent himself regularly applies this same test. See sec. 1.152–1(a) (2) (i) and (c), Income Tax Regs.; and Rev. Rul. 64–222, 1964–2 C.B. 47, and the rulings cited therein at p. 49.

made did not exceed those made by petitioner who was her only other source of support.

Because of concessions,

*Decision will be entered under Rule 50.*