CARROLL J. and DIANE M. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 4451-73.
United States Tax Court
T.C. Memo 1974-218; 1974 Tax Ct. Memo LEXIS 99; 33 T.C.M. (CCH) 971; T.C.M. (RIA) 74218; August 26, 1974, Filed. *99 By a former marriage, the petitioner had two children who were in the custody of their mother. Although the petitioner provided more than $1,200 for the support of such children, their mother furnished more support than he did. Held, the petitioner is not entitled to a dependency deduction under sec. 152(e) (2) (B), I.R.C. 1954, for the two children. Carroll J. Smith, pro se. Raymond L. Collins, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The respondent determined the following deficiencies in the Federal income taxes of the petitioners: Year
Deficiency 1969
$765.38
1970
777.10
1971
385.00
Other issues have been conceded, and the only issue remaining for decision is whether the petitioners are entitled to a dependency deduction for two children of Mr. Smith by a former marriage. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found.
The petitioners, Carroll J. and Diane M. Smith, are husband and wife, who maintained their legal residence in Irving, Texas, at the time their petition was filed herein. They filed their joint Federal income tax returns for the years 1969, 1970, and 1971 with the Internal Revenue Service *100 Center, Austin, Texas. Mr. Smith will be referred to as the petitioner. The petitioner was formerly married to Mrs. Peggy Jane Burns, and two children, Michael Wayne (Michael) and Melanie Kaye (Melanie), were born of the marriage. In 1958, they were divorced, and Mrs. Burns was awarded custody of the children. During each of the years in issue, the petitioner paid Mrs. Burns $1,500 for the use and benefit of both children. Sometime in June 1970, Michael left the home of his mother and moved in with his father in what appeared to the petitioner to be a permanent change of residence. However, Michael remained with the petitioner only through November 9, 1970, when he returned to the home of Mrs. Burns. For the period when Michael lived with him, the petitioner made expenditures to maintain the household, including payments for utilities, groceries, mortgage, and household repairs. In addition, the petitioner made certain payments to doctors on behalf of Michael, part of which was not reimbursed by insurance. The total amount of expenditures by the petitioner and attributable to the support of Michael while he lived with his father did not exceed $900. During the years in issue, *101 Mrs. Burns made expenditures for specific items in support of the children as follows: Expenditure Michael Melanie 1969
1970
1971
1969
1970
1971
Clothing
569
$ 422
$293
$955
$862
$399
Furniture
211
-0-
-0-
146
-0-
-0-
Allowance
260
185
180
260
218
200
Miscellaneous
402
1,242
933
540
690
885
In addition, certain expenditures were made by Mrs. Burns in support of the household in which she and the children resided. However, during Michael's stay with the petitioner, Mrs. Burns did not provide her son with lodging or food, nor did she make any expenditures on his behalf for utilities. Moreover, during the period of August through November 16, 1971, Michael traveled across the country. During such period, no expenditures for food or utilities were made by Mrs. Burns on behalf of her son. Accordingly, the amount of expenditures made in support of the household and actually allocable to the children and the fair market value of lodging actually provided were as follows: Expenditure Amount Allocable to Michael Amount Allocable to Melanie 1969
1970
1971
1969
1970
1971
Fair market value of lodging
$516
$286
$516
$516
$553
$516
Utilities
92
46
42
92
110
70
Vacation
100
-0-
-0-
100
-0-
-0-
General household expenses
140
48
50
140
50
50
Food
902
509
322
902
984
471
The *102 total support provided each of the children by Mrs. Burns during the years in issue, less the $750 provided by the petitioner, was as follows: Child
1969
1970
1971 Michael
$2,442
$1,988
$1,586
Melanie
2,901
2,717
1,841
The total support provided by the petitioner did not exceed $750 per child during any of the years in issue except for 1970, when his expenditures in support of Michael did not exceed $1,650. For the years 1969, 1970, and 1971, Michael and Melanie were claimed as dependents by the petitioners and by Mrs. Burns and her current husband. In his notice of deficiency, the respondent disallowed the deductions claimed by the petitioners because it was not demonstrated that they furnished more than half of the children's support during each of the years in issue. OPINION The only issue remaining for decision is whether the petitioners are entitled to the dependency deductions for the children of Mr. Smith by a former marriage. Section 152(e) of the Internal Revenue Code of 1954[1] provides a mechanism to ameliorate troublesome controversies between competing taxpayers, each claiming the same dependents as exemptions. See David A. Prophit, 57 T.C. 507, 510-511 (1972), affd. per curiam *103 470 F.2d 1370 (C.A. 5, 1973). In circumstances such as the one now before us, it provides a pragmatic way of determining which taxpayer is entitled to the dependency deduction. Where a child of divorced parents receives over one-half of his support from such parents, the parent having custody is entitled under section 152(e) (1) to the dependency deduction for such child unless section 152(e) (2) applies. Under section 152(e) (2) (B), a divorced parent not having custody of his child is entitled to the dependency deduction for that child if he: (B) (i) * * * provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. [2] *104 There is no question in this case as to whether the parents provided over one-half of the children's support, and it is clear that the petitioner provided more than $1,200 for the support of the two children. Therefore, we must determine whether it has been clearly established that Mrs. Burns, the custodial parent, provided more for the support of each child than did the petitioner. At trial, Mrs. Burns presented an itemized list of expenditures which she claims to have made for the support of the children. In our findings of fact, we have set forth our conclusions as to the actual amounts spent by Mrs. Burns for the support of the children, and those conclusions reflect some adjustments in the amounts claimed by her. With respect to Melanie, it is clear that in each of the years before us Mrs. Burns provided more for support than did the petitioner. In each year, the petitioner paid Mrs. Burns $750 *105 in support of Melanie; any additional expenditure by him for support of the child was negligible. On the other hand, Mrs. Burns made additional expenditures of $2,901 in 1969, $2,717 in 1970, and at least $1,841 in 1971 in direct support of, or allocable to the support of, her daughter. Such amounts were in addition to the $750 per year provided by the petitioner. In these circumstances, it is clear that the petitioners are not entitled to a dependency deduction for Melanie. With respect to Michael, it is equally clear that Mrs. Burns' expenditures for support were greater than the petitioner's for the years 1969 and 1971. In each of such years, the support provided by the petitioner was limited to the $750 paid to Mrs. Burns. On the other hand, she provided Michael with additional direct support or made additional payments allocable to his support in the amounts of $2,442 in 1969 and $1,586 in 1971. Accordingly, the petitioners are not entitled to a dependency deduction for Michael for the years 1969 and 1971. In 1970, Michael resided with his father for part of the year. At trial, the petitioner introduced evidence of the expenditures made in support of his household for *106 the months of June through November, part of which was allocable to Michael's support. However, several adjustments had to be made in the amounts claimed by the petitioner. First, it is clear that Michael remained with him for only 9 days, or approximately one-third, of the month of November, and therefore, only one-third of the expenditures for that month may be taken into consideration. Although there was a dispute as to whether Michael was with the petitioner for all of the 5 months, June through October, we have given the petitioner the benefit of the doubt with respect to that question. An analysis of the figures submitted by the petitioner shows that in some instances, the amounts paid to Mrs. Burns were claimed twice, and the petitioner took credit for some medical expenses which were paid by an insurance company. After making appropriate adjustments, we reached the conclusion that the medical expenses paid by the petitioner and his household expenditures, properly allocable to the support of Michael, did not exceed $900. Accordingly, when that amount is added to the $750 which he paid to Mrs. Burns, it is apparent that he contributed no more than $1,650 in 1970 for the *107 support of Michael. On the other hand, Mrs. Burns made payments in direct support of Michael throughout 1970. She purchased clothing, a used automobile, and other items for him, provided him with an allowance throughout the year, paid for repairs on his automobile, and gave him money whenever he otherwise needed it. Such amounts were corroborated by a list, presented at trial, of checks drawn to Michael's order. In addition, expenditures were made to support the household, part of which were allocable to Michael. However, we have found that Michael was absent from the household for a period of approximately 5-1/3 months, and not 2 months as claimed by Mrs. Burns. Also, the fair market value of the lodging provided Michael should have been determined by reference to a rental value for Mrs. Burns' house of $300 per month, which was $50 less than the value used in her calculations. The appraisal report introduced by the respondent at trial supported the lower valuation. Our findings of fact reflect such adjustments, and after making such adjustments, we found that Mrs. Burns provided at least $1,988 for Michael's support for 1970. In these circumstances, the petitioners are not *108 entitled to a dependency deduction for Michael for the year 1970. The petitioner argued that he furnished what a Texas court had determined was necessary for the support of the children and that we should accept the conclusion of the Texas court as to what was needed for their support. However, section 152(e) establishes the tests for determining when a taxpayer is entitled to a dependency deduction in computing the Federal income tax, and the Federal law must be applied without regard to the conclusions reached by a Texas court in applying Texas law. Eddie L. Carter, 55 T.C. 109 (1970); Raymond M. McKay, 34 T.C. 1080 (1960). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954. ↩
2. Sec. 152(e) (2) (A) provides an alternative test for determining when the noncustodial parent is entitled to the deduction. Under such provision, the noncustodial parent is entitled to the deduction if the divorce decree or an agreement of the parties so provides. No such decree or agreement was introduced at trial. Because the petitioner has the burden of proof (Rule 142, Tax Court Rules of Practice and Procedure↩), we assume that no such arrangement was made with respect to the deduction.