JOHN A. FRAZIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Frazier v. Commissioner
Docket No. 2766-74
United States Tax Court
T.C. Memo 1976-149; 1976 Tax Ct. Memo LEXIS 253; 35 T.C.M. (CCH) 676; T.C.M. (RIA) 760149; May 17, 1976, Filed John A. Frazier, pro se. Louis J. Zeller, Jr., for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1972 in the amount of $1,969.82. The issues for decision are: (1) Whether petitioner is entitled to claim eight dependency exemptions; (2) Whether *255 petitioner is entitled to file his return as a head of household; and (3) Whether petitioner paid and is entitled to a deduction for state income taxes in the amount of $433.14. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, supplemental stipulation of facts and exhibits are incorporated by this reference. John A. Frazier resided in Buffalo, New York, when he filed his petition. He filed his 1972 Federal income tax return with the North Atlantic Service Center, Andover, Massachusetts. On his 1972 return he claimed that he was entitled to file and be taxed as an "Unmarried Head of Household." On December 24, 1955, petitioner married Mary Frazier and they remained married through the taxable year in question.At the date of their marriage, Mary Frazier had a daughter by a prior marriage, Mary Ellen Robinson. Five children were born to petitioner and Mary Frazier: Gordon, Carl, Christopher, Douglas and Kevin. Petitioner and Mary Frazier were separated in 1965. On September 15, 1965, the Family Court of the State of New York issued a Support Order which required petitioner to stay away from the home of Mary Frazier and their children. *256 After the separation, Mary Frazier gave birth to two additional children: Joyce and Darren. Petitioner was not the father of these two children. Petitioner has lived separate and apart from Mary Frazier since the issuance of the Support Order and all eight children have continuously resided with Mary Frazier. The Support Order issued on September 15, 1965, required petitioner to pay $45 per week for the support of Mary Frazier, petitioner's five children and Mary Frazier's child, Mary Ellen Robinson. The Support Order was modified several times with the modification of June 18, 1968, requiring petitioner "to pay $30.00 per week for the support of six children only." An order was also issued requiring that said $30 payments were to be made through payroll deductions transmitted to the Erie County Probation Department. Petitioner's employer during 1972 withheld and forwarded $1,560 to the Erie County Probation Department pursuant to the court order. During 1972, Mary Frazier's children received Aid to Dependent Children payments from the Erie County Department of Social Services as follows: Name
Budgetary Needs
Medical
Total
Carl
$614.67
$ 56.35
$ 671.02
Christopher
614.67
34.80
649.47
Douglas
614.67
614.67
Kevin
614.67
34.10
648.77
Gordon
614.67
27.99
642.66
Darren
614.66
8.00
622.66
Joyce
614.66
8.00
622.66
Mary Ellen
Robinson
614.66
141.84
756.50
*257 These funds were used for the support of the children. Petitioner expended $448.97 for the clothing for the children. In his statutory notice of deficiency, the Commissioner disallowed petitioner's deduction of $6,000 for the dependency exemptions of the eight children because petitioner failed to show sufficient support. He also recomputed petitioner's tax using the rate for married individuals filing separate tax returns. As grounds for disallowing petitioner's use of the head-of-household rate, the Commissioner determined that petitioner failed to maintain his household for a dependent. On his 1972 Federal income tax return, petitioner deducted $1,199.05 as state and local income taxes. State income taxes in the amount of $765.91 were withheld from petitioner's wages during 1972. The Commissioner, in his statutory notice of deficiency, disallowed the remaining $433.14 because petitioner failed to verify that such amount was paid during 1972. Petitioner's 1971 New York State income tax return shows $718.39 New York State tax withheld for 1971. When petitioner filed his 1971 New York State income tax return on February 2, 1972, he claimed an overpayment to be refunded *258 to him in the amount of $299.74. On his 1972 Federal income tax return at page 2, line 42 "State income tax refunds," petitioner reported income of $285.25.Petitioner paid $14.49 to the State of New York in 1972 as an adjustment to his 1971 New York State income tax. OPINION On his 1972 Federal income tax return, petitioner claimed eight dependency exemptions for the eight children residing with his separated wife. He also claimed head-of-household filing status. Respondent contends that petitioner is not entitled to the deductions for the dependency exemptions because petitioner has failed to prove that he provided over half the support of each child. Respondent also contends that petitioner does not qualify for head-of-household rate under section 1(b), Internal Revenue Code of 1954, [1] because he did not maintain his home as a principal place of abode for any dependents and because he was married. Sec. 2(b), I.R.C. 1954. Petitioner's claim to the dependency exemptions is founded on section 152(e).[2] He contends that he is entitled to the exemptions claimed by *259 reason of the special rule of section 152(e) because he was the parent not having custody and he provided more than $1,200 for the support of all the children. Before a parent not having custody of a child is treated as having provided over half of the support of a child under section 152(e)(2), certain conditions under section 152(e)(1) must be met. The first condition in section 152(e)(1), that the children must be in the custody of one or both of the parents for over half of the calendar year, has clearly been satisfied. The second and third conditions are the areas of contention. *260 Section 152(e)(1)(A) requires that the parents must be divorced or legally separated under a decree of divorce or separate maintenance or separated under a written separation agreement. There has been no written separation agreement. Petitioner maintains that the Order of Support issued by the Family Court of the State of New York which required petitioner to stay away from the home of Mary Frazier and their children complies with the statutory requisite of being divorced or legally separated under a decree of divorce or separate maintenance. We have held against petitioner on this issue when he was before this Court in a prior case. John A. Frazier,T.C. Memo 1973-21, appeal dismissed (2d Cir. 1973), cert. denied 416 U.S. 990 (1974). The Order of Support in this case is similar to the one we considered in Helen Kellner,T.C. Memo 1971-103, affd. per curiam 468 F.2d 627 (2d Cir. 1972), which was issued by the Family Court of the State of New York and directed that the two spouses "are both to remain away from each other." We held that actual separation did not constitute legal separation or separation accomplished pursuant *261 to a decree of divorce or separate maintenance. Moreover, we found that the Family Court of the State of New York is without jurisdiction to decree a legal separation. N.Y. Family Court Acts, secs. 115, 652 (McKinney 1963). The third condition to qualify for section 152(e) treatment and the second one which petitioner has failed to satisfy requires that the children must receive over half of their support during the calendar year from their parents. Section 1.152-4(a) of the Income Tax Regs. provides that for section 152(e) to apply "either parent or both parents combined must provide more than one-half of the child's total support." During 1972, petitioner's employer withheld a total of $1,560 from his wages pursuant to a payroll deduction order issued by the Family Court. The employer transferred the funds to the Erie County Department of Social Services to partially refund support payments made by that agency for the benefit of Carl, Christopher, Douglas, Kevin and Gordon Frazier, as well as Mary Ellen Robinson. The total aid to the children during 1972 from Erie County less petitioner's contributions were as follows: Less Petr.'s
Total Erie Name
Erie County Aid
Contributions
County Aid
Carl
$671.02 $260
$411.02
Christopher
649.47
260
389.47
Douglas
614.67
260
354.67
Kevin
648.77
260
388.77
Gordon
642.66
260
382.66
Mary Ellen
Robinson
756.50
260
496.50
Darren
622.66
622.66
Joyce
622.66
622.66
*262 Petitioner claims that the payments made by the Erie County Department of Social Services were includable in the gross income of Mary Frazier and do not constitute support of the children. Citing sec. 1.71-1(e), Income Tax Regs. He also claims that the amounts received by Mary Frazier as Aid for Dependent Children were not shown to have been used by Mary Frazier for the support of the children and should, therefore, not be considered to be support. Citing Eddie L. Carter,55 T.C. 109 (1970). As we understand the import of petitioner's contentions, he urges us to find that he provided the total support for the children. Respondent contends that the Erie County Department of Social Services provided over half of the total support for the children. We agree with respondent. Mary Frazier testified that the funds received from Erie County were used to support the children. We, therefore, find Eddie L. Carter,supra, distinguishable and, pursuant to Helen M. Lutter,61 T.C. 685(1974), affd. per curiam 514 F.2d 1095 (7th Cir. 1975), we find that the public funds provided by Erie County are not to be considered as *263 support from either parent.
Because Mary Frazier did not provide any support for the children, the question of whether the parents provided over half of the support of the children depends upon whether petitioner provided more support than the Erie County Department of Social Services provided for the children. Petitioner testified that he expended $1,200 for the recreation and transportation of the children. He also testified that he expended $500 in cash allowances for the children. His testimony was based upon estimates and his annual estimates were contradicted by his weekly or individual event estimates. Moreover, his testimony indicates these expenses were allocable to four or five of the children and he failed to identify which children were the recipients of the amounts expended.Similarly, although we have found that petitioner expended $448.97 for clothing for the children, we have no means for allocating the amounts to the individual children. Petitioner also urges that he spent $404.64 and $2,677.84 for Blue Cross-Blue Shield Health Insurance and Extraordinary Medical Expense Plan, respectively. The evidence presented concerning the above-mentioned health plans is *264 contradictory and confusing.Two letters from the Communications Workers of America to petitioner show the following inconsistent data: Letter
Health Dated
Insurance
Year
Cost
8/29/73
Blue Cross-Blue Shield
1972
$101.16 family premium cost
per quarter
Extraordinary Medical
Expense Plan
1972
$ .88 per employee/cost
per hour worked
11/3/75
Blue Cross-Blue Shield
1972
$379.39 yearly premium
Extraordinary Medical
Expense Plan
1972
$ .0088 average cost per
hour worked Moreover, the evidence does not disclose whether the payments were made by the union, the employer or by petitioner. Nor does the evidence go so far as to disclose how many, if any, of the children were covered by the insurance. On such a meager and confused record, we cannot find that petitioner made any medical health insurance contributions to the support of any of the children. Therefore, petitioner has failed to show that he provided more to the support of the children than did Erie County and he has, consequently, failed to show that any of the children received over half of their support from their parents. Section 152(e) is not applicable. *265 Our next issue for decision is whether petitioner is entitled to head-of-household filing status. In order to qualify under section 2(b)(1) for head-of-household filing status, petitioner must maintain a household which is the principal place of abode of both himself and a dependent. Petitioner has failed to show that he is entitled to any dependency exemptions because none of the eight children resided with him in 1972. W. E. Grace,51 T.C. 685 (1969), affd. 421 F.2d 165 (5th Cir. 1969). Petitioner is not entitled to file as a head of household. Our final issue for decision involves the amount of New York State income taxes paid by petitioner during 1972. The Commissioner disallowed $433.14 of a total of $1,199.05 claimed by petitioner as paid during 1972. At trial, respondent conceded that an additional $14.49 of income tax was paid in 1972 by petitioner which related to adjustment of his 1971 taxes. Petitioner has not offered any evidence to substantiate the remaining $418.65 disallowed by respondent. An examination of petitioner's returns discloses that respondent was premature in his concession at trial and, as argued on brief, the Commissioner's *266 original determination disallowing $433.14 was correct. We find that the $418.65 was the amount of state income taxes withheld in 1971. Petitioner reported state income tax withheld of $718.39 during 1971 and requested a refund of $299.74: the difference ($718.39 less $299.74) equals the $148.65 withheld and paid during 1971 and, therefore, not deductible in 1972 as an itemized deduction. We find, as pointed out by respondent on brief, that the $14.49 was offset by petitioner against the $299.74 refund for 1971 state income taxes because petitioner only reported the difference ($299.74 less $14.49), $285.25, as income in 1972. Decision will be entered for respondent.
Footnotes
1. All Code section references are to the Internal Revenue Code of 1954, as amended.↩
2. Sec. 152(e) SUPPORT TEST IN CASE OF CHILD OF DIVORCED PARENTS, ET CETERA.-- (1) GENERAL RULE.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) SPECIAL RULE.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. (3) ITEMIZED STATEMENT REQUIRED.--If a taxpayer claims that paragraph (2)(B) applies with respect to a child for a calendar year and the other parent claims that paragraph (2)(B)(i) is not satisfied or claims to have provided more for the support of such child during such calendar year than the taxpayer, each parent shall be entitled to receive, under regulations to be prescribed by the Secretary or his delegate, an itemized statement of the expenditures upon which the other parent's claim of support is based.↩