T.C. Memo. 2008-280

UNITED STATES TAX COURT

MOSHE SHAFRIR AND LILIA VALITOVA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8482-07.                    Filed December 15, 2008.

Moshe Shafrir, pro se.

<u>Catherine G. Chang</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a deficiency of $8,270
in petitioners' Federal income taxes for 2004, a $1,675 addition
to tax under section 6651(a)(1), and a $1,654 accuracy-related
penalty under section 6662(a).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2004, and all Rule references are to the Tax Court Rules of Practice and Procedure.

At issue is petitioner Moshe Shafrir's entitlement to deductions for business expenses, dependency exemptions, and Hope Scholarship credits beyond those allowed by respondent. Petitioner Lilia Valitova is a petitioner only because she filed a 2004 joint Federal income tax return with her husband. References to petitioner are to Moshe Shafrir.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed petitioner resided in California.

In 1980 petitioner graduated from the Technion-Israel Institute of Technology in Israel with a bachelor's degree in architecture and town planning. Thereafter, petitioner married, moved to the United States, and eventually became licensed as an architect in California.

In 2004 petitioner was employed as an architect in San Jose, California, and in San Francisco, California. Petitioner also worked as an independent architect.

At his home petitioner maintained a cellular telephone line and three telephone land lines. All of the telephone lines were

used by petitioner and his family in their personal affairs and also by petitioner in his work as an independent architect.

In 2004 petitioner took 29 automobile trips totaling 7,320 miles to various cities in California, and petitioner kept a mileage log relating thereto.  The trips were described in petitioner's mileage log as being taken for the purpose of either "meeting with potential clients" (837 miles) or "marketing, urban, and architectural study" (6,483 miles).  With respect to trips described as made for the purpose of meeting with potential clients, petitioner also noted in his log the client's name, the location and subject of the meeting, and the architectural work involved.

With respect to trips described as made for the purpose of marketing, urban, and architectural study, petitioner made no further notes in his log, but petitioner explained at trial that these trips were not made in connection with a particular client or a particular architectural work assignment but were made to generally inform petitioner as to the current urban planning and architecture of the cities visited.  On these trips petitioner generally stayed overnight with friends or at campsites in National parks, and petitioner occasionally brought his family along with him.

In 2004 petitioner's son and daughter attended college as full-time students, and petitioner's son also worked as a full-time chef at a restaurant.

On his 2002 and 2003 Federal income tax returns, petitioner claimed Hope Scholarship credits for education expenses he incurred in 2002 and 2003 on behalf of his son and daughter.

In 2005 petitioner's son timely filed his own 2004 individual Federal income tax return on which he claimed himself as a dependent and on which he reported $27,309 in income relating to his employment as a chef.

On January 18, 2006, petitioner late filed his 2004 return to which petitioner attached a Schedule C, Profit or Loss From a Business (Sole Proprietorship), relating to his work as an independent architect, petitioner reported business expenses of $11,478. Petitioner also claimed $6,200 in dependency exemptions and $3,000 in Hope Scholarship credits with respect to his son and daughter.

On audit respondent determined that petitioner had not substantiated and therefore was not entitled to the claimed $11,478 Schedule C expenses, the $6,200 dependency exemptions, and the $3,000 Hope Scholarship credits. Respondent also determined that petitioner was liable for the addition to tax under section 6651(a)(1) and the accuracy-related penalty under section 6662(a).

On April 16, 2007, petitioner filed with this Court his petition relating to respondent's statutory notice of deficiency.

On April 26, 2008, petitioner's son filed with respondent a Form 1040X, Amended U.S. Individual Income Tax Return, for 2004 on which he disclaimed himself as a dependent and with which he included a $493 payment for the additional taxes owed in connection with his disclaimer of his dependency exemption.

Before trial the parties entered into various settlement concessions with respect to the disallowed Schedule C expenses relating to petitioner's work in 2004 as an independent architect. The schedule below reflects the expenses claimed by petitioner on the Schedule C attached to his 2004 return, the amounts conceded by either petitioner or respondent, and the amounts still in dispute:

| Claimed Schedule C Expenses | Claimed by Petitioner | Conceded by Petitioner | Conceded by Respondent | Still in Dispute |
|---|---|---|---|---|
| Advertising | $495 | $0 | $0 | $495 |
| Computer depreciation | 328 | 328 | 0 | 0 |
| Software depreciation | 976 | 0 | 0 | 976 |
| Heater depreciation | 5 | 0 | 0 | 5 |
| Legal/prof. services | 416 | 0 | 300 | 116 |
| Office supplies | 358 | 0 | 0 | 358 |
| Repairs/maintenance | 385 | 0 | 0 | 385 |
| Prof. literature | 756 | 0 | 0 | 756 |
| Mailing/shipping | 321 | 0 | 0 | 321 |
| Printing/copying | 401 | 0 | 0 | 401 |
| Prof. training | 1,305 | 0 | 0 | 1,305 |
| Architect's license | 200 | 0 | 200 | 0 |
| Telephone | 1,973 | 0 | 0 | 1,973 |
| Trips | 2,711 | 0 | 314 | 2,397 |
| Total amount | *$10,630 | $328 | $814 | $9,488 |

* It is unclear from the record the reason for the discrepancy between the $11,478 claimed expenses on the Schedule C attached to petitioner's 2004 tax return and the $10,630 total expenses listed in the above schedule.

The parties also agreed that the claimed dependency exemption for petitioner's daughter was allowable.

OPINION

Generally, as to claimed deductions a taxpayer bears the burden of proof, and respondent's determinations are entitled to a presumption of correctness.[1]  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Durando v. United States, 70 F.3d 548, 550 (9th Cir. 1995).  A taxpayer is required to maintain and to submit to respondent upon request documentation sufficient to

_____

[1] Petitioner makes no argument that he qualifies under sec. 7491(a) for a shift in the burden of proof.

establish the amount and purpose of deductions claimed.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Where appropriate, the Court may estimate the amount of the expenses and allow deductions therefor.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Under section 162 a taxpayer is allowed to deduct all ordinary and necessary business expenses paid or incurred during the year.  However, deductions for personal, living, or family expenses are not allowed unless expressly provided under the Code.  Sec. 262(a).

At trial petitioner submitted documentation relating only to the telephone and travel expenses.  No documentation was submitted with regard to the other claimed Schedule C expenses still in dispute.

With regard to the telephone expenses of $1,973, the documentation petitioner submitted does not provide sufficient information to distinguish which expenses were incurred in petitioner's work as an architect and which expenses were incurred in petitioner's personal and family affairs.  Petitioner has not properly substantiated the claimed telephone expenses and has not submitted sufficient evidence for us to make an estimate of deductible telephone expenses.  See Vanicek v. Commissioner,

supra at 742-743.  The $1,973 in disputed telephone expenses are not allowed as ordinary and necessary business expenses.

Regarding the $2,397 travel expenses still in dispute (relating just to the trips described as made for the purpose of marketing, urban, and architectural study), expenses incurred by a taxpayer to further his general education are generally treated as nondeductible personal expenses unless they qualify as business expenses under section 162.  Sec. 274(m)(2); Boser v. Commissioner, 77 T.C. 1124, 1133-1134 (1981), affd. without published opinion (9th Cir., Dec. 22, 1983); sec. 1.262-1(b)(9), Income Tax Regs.

In Postman v. Commissioner, T.C. Memo. 1974-145, we held that an architect's expenses incurred while traveling with his family in Europe for the purpose of acquiring increased understanding of various architectural styles did not qualify as deductible ordinary and necessary business expenses.  See also Cole v. Commissioner, T.C. Memo. 1983-88 (expenses incurred on businessman's travel to different cities to educate himself generally on store management and good business practices did not qualify as deductible ordinary and necessary expenses).

The business purpose of the $2,397 travel expenses still in dispute has not been adequately substantiated and the $2,397 are not allowed as ordinary and necessary business expenses.

Regarding petitioner's claimed dependency exemption for his son, generally a taxpayer is allowed an exemption for a dependent if, among other things, the taxpayer has provided over one-half of the dependent's support and the dependent has not claimed himself as a dependent for the same year. Secs. 151(a), (c), 152(a).

In determining whether a taxpayer provided over one-half of the support for a claimed dependent, the amount of support provided by the taxpayer is compared to the total amount of support which the claimed dependent received from all sources. Sec. 1.152-1(a)(2)(i), Income Tax Regs. "[S]upport" is defined as, among other things, food, shelter, clothing, education, and medical and dental care. Id.

Where a claimed dependent has income in the year in which he is claimed as a dependent, only that portion of the claimed dependent's income which is actually spent on the claimed dependent's support is considered in determining total "support" under section 152. See Carter v. Commissioner, 55 T.C. 109, 112 (1970).

Petitioner claims that in 2004 his son did not spend any of the $27,309 earned as a chef for his own support, that petitioner provided over one-half of his son's support, and that because of his son's disclaimer on his son's amended 2004 tax return, petitioner should be allowed the exemption for his son.

Petitioner has submitted no credible evidence to corroborate that he provided over one-half of his son's support for 2004 and that his son did not provide over one-half of his own support. Petitioner's son does not qualify under section 152(a), and petitioner may not treat his son under section 151(a) and (c) as a dependent for 2004.

Under section 25A(b)(2), Hope Scholarship credits may be claimed for the first 2 years of a student's postsecondary education. Because petitioner claimed Hope Scholarship credits for 2002 and 2003 with respect to his son and daughter, the Hope Scholarship credits petitioner claims for 2004 are disallowed.

Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to timely file a tax return unless the taxpayer proves that such failure is due to reasonable cause and not willful neglect. See United States v. Boyle, 469 U.S. 241, 245 (1985). By virtue of the adjustments that we sustain herein, respondent has carried his burden of production under section 7491(c) as to the addition to tax and the penalty.

Petitioner provided no explanation and submitted no evidence to suggest that his failure to timely file his 2004 return was due to reasonable cause. We sustain respondent's imposition of the section 6651(a)(1) addition to tax.

Section 6662(a) and (b)(1) imposes an accuracy-related penalty equal to 20 percent of the underpayment of the taxes

required to be shown on a return where the underpayment, or a portion thereof, is due to negligence or disregard of rules or regulations.

For purposes of section 6662(b)(1), the term "negligence" includes "any failure by the taxpayer to keep adequate books and records or to substantiate items properly." Sec. 1.6662-3(b)(1), Income Tax Regs.

Where a taxpayer can demonstrate reasonable cause for the underpayment, an exception to the section 6662(a) penalty may be granted. Sec. 6664(c)(1).

Petitioner has not explained his failure to keep and maintain proper documentation to substantiate the Schedule C expenses that we disallow and his expenses relating to the dependency exemption for his son that we disallow. The claimed Hope Scholarship credits for his son and daughter were clearly not allowable.

We sustain respondent's imposition of the accuracy-related penalty under section 6662(a).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.