JOSEPH E. BARLOW, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7622.    Promulgated September 6, 1927.

Evidence held insufficient to show that petitioner is entitled to the deduction claimed for the year 1919.

*Robert R. Faulkner, Esq.*, for the petitioner.
*P. L. Peyton, Esq.*, for the respondent.

This proceeding results from the determination by respondent of a deficiency in income tax for the calendar year 1919, amounting to $3,082.23.

Petitioner, while not claiming same on his return filed for the calendar year 1919, avers he is entitled to a deduction of approximately $18,000, resulting from the destruction by flood of certain growing crops.

### FINDINGS OF FACT.

Petitioner is a citizen of the United States, residing in Havana, Cuba. In June, 1918, he purchased a farm of approximately 1,200 acres, located about 5 miles northwest of Driscoll, Nueces County, Tex. The farm was originally acquired with the intention of making a gift of the same to R. D. Barlow, brother of the petitioner. The farm was operated in 1919 by R. D. Barlow and his three sons. There was an oral agreement between petitioner and his brother

whereby the former was to receive as rent a one-third share of the grain and a one-fourth share of the cotton raised on the farm. R. D. Barlow was to be responsible for all expenses incident to the raising and gathering of the crops. Petitioner advanced to his brother sums of money in 1919 with which to make the crops and same was to be repaid by the latter out of the crops to be grown. Approximately 1,000 acres were under cultivation in the year 1919—700 in cotton and 300 in grain. R. D. Barlow maintained a record of sums advanced to him by petitioner in 1919 but such record has been destroyed. R. D. Barlow, in the year 1919, expended approximately $6,000 in building houses, boring wells, installing a water supply and placing improvements on the farm. He also borrowed from sources other than petitioner approximately $17,000 in the year 1919, which sum was used by him to prepare the farm land for cultivation purposes. Petitioner sold the farm in 1920.

On September 14, 1919, a storm or flood occurred in the vicinity of the farm which resulted in the complete destruction of all growing crops. Petitioner had no insurance on the growing crops.

At the time of the flood the cotton was ready to be picked and the grain would soon be ready to harvest. Remittances were received by a Texas Bank in 1919, from petitioner, to be credited to the drawing account of R. D. Barlow, as follows: January 31, 1919, $3,000; May 19, 1919, $4,000; December 13, 1919, $1,995; December 31, 1919, $5,000.

### OPINION.

MILLIKEN: Counsel for petitioner claims the right to a deduction of "Eighteen Odd Thousand Dollars" under the provisions of section 214 (a), (1), (4), (5), (6), or (7) of the Revenue Act of 1918, but is uncertain as to just which of these provisions of the statute is applicable. We are unable, from the record, to determine the basis upon which the deduction claimed of "Eighteen Odd Thousand Dollars" is computed.

During the year 1919, the farm was operated by the brother of the petitioner under an oral agreement set forth in the findings of fact. We are unable to determine the sums advanced by petitioner to his brother for that purpose. We are also unable to determine if the debt due from the brother was to be canceled in event of crop failure. We are uninformed of the ability of the brother to pay the debt in the event of a crop failure. The brother of petitioner borrowed large sums of money which he used for the purpose of preparing the land for cultivation. If there was a debt due petitioner by reason of sums advanced, we are uninformed whether the sums expended by the brother would entitle him to a set-off. Petitioner seeks an allowance for the growing crops which were destroyed and submits as proof

of the amounts to which he is entitled, pamphlets published by the Department of Agriculture as to the general costs of production of cotton and the general estimated annual weighted prices received by producers in general for the year 1919. The estimates standing alone do not prove the cost of production to petitioner in the State of Texas, or the price of cotton in the fields in Texas unpicked at the time of the flood.

*Judgment will be entered for the respondent.*

Considered by MARQUETTE, PHILLIPS, and VAN FOSSAN.