OPINION. Black, Judge: The issue in these proceedings may be stated as follows: When petitioner Palmer Hutcheson withdrew from a law partnership and pursuant to the partnership agreement he received no compensation for his partnership interest, did petitioner sustain a loss (and if so to what extent) within the meaning of either subsections (e) or (g) of section 23 of the Internal Revenue Code.[1] The parties have agreed that all of the relevant facts in Gaius G. Gannon, supra, may be considered facts in this case. In Gaius G. Gannon, petitioners therein claimed as loss in 1944 $10,770.42 which Gannon had invested in Baker-Botts to acquire a 6.2 unit (6.2 per cent) interest in the firm. In that case, as in the instant proceedings where petitioner herein paid $22,500 for his 7.5 unit (7.5 per cent) interest in the firm, the entire amount of Gannon’s investment reverted to Baker-Botts in accordance with the partnership agreement when Gannon withdrew from the firm and continued in the active practice of law. Neither petitioner herein nor Gannon received anything in return for his investment. In Gaius G. Gannon, supra, we held that the loss sustained was a loss incurred in his trade or business and the loss did not represent the sale or exchange of a capital asset. On the authority of Gaius G. Gannon we hold that respondent erred in disallowing the loss of $22,500 claimed by petitioners in their tax returns for the year 1945. An additional problem is raised in these proceedings which was not raised in Gaius G. Gannon, supra. In their petitions the petitioners claim as a loss, in addition to the $22,500 which represented the sum that petitioner had paid for his 7.5 units in the Baker-Botts firm, a deductible community loss of $18,750 forfeited by petitioner Palmer Hutcheson at the time of his withdrawal as a liquidated amount to which he alleges he would have been otherwise entitled in lieu of earned and uncollected fees. By amended petitions petitioners also claim as a loss (a) petitioner’s share of Baker-Botts’ investment in furniture, equipment, etc., less depreciation from 1921 through 1945, or $3,058.93; and (b) petitioner’s share of the “nondeductible donations” made by Baker-Botts from 1921 through 1945, or $3,479.24. The $18,750 claimed by petitioners as a loss represents an amount which petitioner alleges he would have received in lieu of earned but uncollected fees if petitioner had retired from the practice of law or if petitioner’s death occurred while he was a member of the firm. See Article VII B (2) of the partnership agreement incorporated in our findings of fact. This amount was never reported as income, and petitioners show no other way of having obtained a basis for this claimed loss. Sections 111 and 113, Internal Revenue Code. To allow petitioners this amount as a loss would be akin to allowing a deduction for a bad debt arising from unpaid wages, salaries, rents, and other similar items of taxable income which were never reported as income by the taxpayer. Regulations 111, section 29.23 (k)-2. Charles A. Collins, 1 B. T. A. 305; Bush Terminal Buildings Co.., 7 T. C. 793. Petitioners are not entitled to deduct as a loss this $18,750. Petitioners also contend that the loss of $22,500 claimed on their tax returns for the year 1945 should be increased by petitioner’s share in the furniture, equipment, etc. which was purchased and capitalized by Baker-Botts during the years 1921 through 1945, less such amounts as were recovered by depreciation during this period. From 1921 through 1945, petitioners reported their distributive share of the partnership earnings and some of these earnings were invested in furniture, equipment, etc. Although the partnership took depreciation on these assets for each of the years 1921 through 1945, some of these assets had not been fully depreciated at the time petitioner retired from the firm and petitioners have not recovered by way of depreciation or otherwise $3,058.93 of the distributive share of partnership income which was invested in these assets. Section 29.113 (a) (13)-2 of Regulations 111 provides in part as follows: Sec. 29.113 (a) (13)-2. Readjustment op Partnership Interests. — When a partner retires from a partnership, or the partnership is dissolved, the partner realizes a gain or loss measured by the difference between the price received for his interest and the sum of the adjusted cost or other basis to him of Ms interest in the partnership plus the amount of his share in any undistributed partnership net income earned since he became a partner on which the income tax has been paid. * * * Since the evidence shows that petitioners reported as income his share of the earnings of the partnership unreduced by the investment in furniture, equipment, etc., their basis in the partnership assets is to be increased by $3,058.93 and they are, therefore, entitled to.an additional loss of the amount which was forfeited by petitioners. Petitioners also contend that from 1921 through 1945, the firm of Baker-Botts made certain “non-deductible donations” of which Palmer Hutcheson’s share for the entire period was $3,479.24, and that they are also entitled to increase the loss claimed on their returns by this amount. There is no showing as to the nature of the contributions. These contributions by the partnership which were not allowed as deductions did not become capital investments of the partnership as did investments in furniture, equipment, etc., discussed in the paragraph just .above. There was nothing of a capital nature about them. We know of no law which would entitle petitioners to deduct any part of these nondeductible contributions as a loss upon petitioner’s retirement from the firm and we are not cited to any. This claimed deduction of $3,479.24 by petitioners is denied. Decisions will be entered under Rule 50. SEC. 23. DEDUCTIONS FROM GROSS INCOME. ******* (e) Losses by Individuals. — In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise— (1) if incurred in trade or business ; or (2) if incurred in any transaction entered Into for profit, though not connected with the trade or business; or ******* (g) Capital Losses.— (1) Limitation. — -Losses from sales qr exchanges of capital assets shall be allowed only to the extent provided in section 117. [[Image here]]