254 P.2d 683

JOHNSTON v. BAIRD et al.

No. 7962.

Supreme Court of Idaho.

March 13, 1953.

Robert E. Smylie, Atty. Gen., and J. N. Leggat, Asst. Atty. Gen., for respondent.

W. A. Johnston, Boise, for appellant.

KEETON, Justice.

In June, 1948, a fire destroyed approximately 300 acres of pasture and forage on appellant's ranch. Appellant asserts the cost of the pasture and forage was not less than $1000 and sought a deduction in that amount from net income on his state in-

come tax return, under section 63-3016, subds. 4(a) and 6, I.C.

Sec. 63-3016 I.C. reads:

"In computing net income there shall be allowed as deductions:

\* \* \* \* \*

"4. (a) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.

\* \* \* \* \*

"6. Losses sustained during the taxable year of property not connected with the trade or business \* \* \* if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise. \* \* \*"

█ Appellant was and is a farmer and the pasture land burned over was a part of and connected with the business in which he was engaged. Hence the loss claimed is one sustained during the taxable year, incurred in a trade or business under section 63-3016, subd. 4 (a) I.C.

On a trial of the case it developed that the actual cost of the pasture destroyed was $100 for seed and $50 for labor, which sums had been deducted by appellant during the preceding year under cost of operation or ordinary business expense. It is appellant's contention that the pasture was worth $1000 and that he should be allowed to deduct this sum from net income. The

trial court decided the matter adversely to appellant and he appealed.

The question presented is whether or not the taxpayer is entitled to deduct as a business loss under the facts presented more than the actual cost of the pasture destroyed.

Section 63-3007 I.C. in pertinent part provides:

"The basis for determining the gain or loss from the sale or other disposition of property acquired after July 1, 1931, shall be the cost of such property, \* \* \*."

█ In the case of business property or property held for the production of income, where a loss is claimed due to fire or other casualty to such business property of the taxpayer, distinguishable from property not used in trade or business, the basis for computing the loss sustained is the cost or depreciated cost, or other adjusted basis, as in the case of sales and exchange of property. Exceptions to this rule provided for in section 63-3016 I.C. are not applicable here. Hutcheson v. Commissioner of Internal Revenue, 17 T.C. 14; Earl H. Snow case, reported Vol. 18 T.C. Memo. Dec. 1949, cited as Case No. 49180.

█ Loss of anticipated profits is not deductible; and one cannot anticipate profits or income never reported as an asset, and when not realized charge them off as

530

a loss. The loss must be actual and not prospective.

 The value of the pasture or grass destroyed was never reported as income, and to allow the loss claimed would, in effect, allow a double deduction, in an amount in excess of the actual cost or loss sustained.

The cost of the property destroyed was shown to be $150 which had already been charged off as a business expense. Hence it follows that for income tax purposes there was no loss.

Similar situations where a loss was claimed were decided adversely to the taxpayer in Barlow v. Commissioner of Internal Revenue, 7 B.T.A. 1232; Steverson v. Commissioner of Internal Revenue, 22 B.T.A. 485; Grant v. Commissioner of Internal Revenue, 30 B.T.A. 1028.

The judgment of the trial court is therefore affirmed with costs to respondents.

PORTER, C. J., and TAYLOR, J., concur.

GIVENS, Justice (specially concurring).

The record does not show the destruction of the crop was the loss of a capital asset nor that the crop was inventoried separately or reported as income. Therefore, the loss was not deductible. Johnson v. Commissioner of Internal Revenue, 10 B.T.A. 95.

This obviates consideration or determination of what would have been the amount of deduction, if allowable. Therefore, I concur only in the affirmance of the judgment disallowing the deduction.

THOMAS, J., concurs.