VICTOR LOUIS SAVIGNANO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Savignano v. Commissioner
Docket No. 7124-77.
United States Tax Court
T.C. Memo 1979-1; 1979 Tax Ct. Memo LEXIS 525; 38 T.C.M. (CCH) 1; T.C.M. (RIA) 79001; January 2, 1979, Filed Victor Louis Savignano, pro se. James D. Vandever, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 224 in petitioner's Federal income tax for 1974. The issues for decision are: 1. Whether petitioner is entitled to a deduction for charitable contributions in the amount of $ 590; 2. Whether petitioner is entitled to a deduction for a casualty or theft loss in the amount of $ 728.78; 3. Whether petitioner is entitled to a deduction for the purchase of "occupational tools" in the amount of $ 374.44; and 4.Whether petitioner *526 is entitled to a deduction for an amount claimed as "wages from bankrupt employer" in the amount of$ 300. FINDINGS OF FACT Petitioner was a legal resident of San Diego, California, when the petition was filed. He filed his Federal income tax return for 1974 with the Internal Revenue Service Center, Fresno, California. In the notice of deficiency, respondent disallowed the entire amount of each of the following itemized deductions taken on petitioner's income tax return for 1974: 1. Contributions
$ 590.00
2. Casualty or theft (losses)
728.78
3. Occupational tools
374.44
4. Wages from bankrupt employer
300.00
Because the remaining deductions totalled less than the standard deduction, the notice of deficiency disallowed the other itemized deductions of $ 496.78 and allowed the standard deduction. OPINION The testimony petitioner offered in support of his disallowed deductions was general, vague, and in some respects inconsistent. It was not corroborated in any respect with any documentary evidence. We found his testimony largely incredible and insufficient to carry his burden of proof. We, therefore, must sustain respondent's determination with *527 respect to each of the disputed deductions for the reasons we shall discuss more specifically below. 1. Charitable Contributions
At trial, petitioner first testified that his charitable contributions consisted of cash and furniture donated to the United Way and the Salvation Army. He was, however, unable to estimate the amount given to either organization; in his most specific statement, he estimated that his contributions were approximately $ 400 in cash and approximately $ 100 in furniture. In response to further questioning, he stated that the United Way gift "would be anywhere between one and probably half of the $ 400." Petitioner's attention was then called to the fact that his return for 1974 reflected donations of $ 60 to the United Way, $ 10 to the Salvation Army, and $ 520 in "church tithings and building." At that point, he attempted to change his testimony to make it consistent with his return. Petitioner's vague, inconsistent, and incredible testimony on this issue is insufficient to carry his burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). 2. Theft Loss
Petitioner is *528 entitled to a theft loss deduction pursuant to section 165 [1] only if he establishes the following elements: the occurrence of the theft, the identity of the stolen items, and the adjusted basis [2] and fair market value of those items. Sections 1.165-8(a), (c), (d) and 1.165-7(b), Income Tax Regs. Petitioner has failed to prove any of these factors. He submitted no documentary evidence in support of his claimed deduction. He testified that he reported the theft to neither the police nor an insurance company. His statement as to the identity of the tools and their approximate values was vague. He has not shown he is entitled to this deduction. [3]
*529 3. Occupational Tools
Petitioner seeks to deduct, presumably as an ordinary and necessary business expense under section 162, the price of occupational tools purchased to replace the allegedly stolen tools. [4] We are not, however, convinced that the replacement tools were used in petitioner's trade or business. Indeed, he testified that the tools were stolen from a shop he maintained as a hobby. Petitioner also testified that he used some of the tools in his shop for amateur sculpture and he has not shown which ones were not so used. While he testified, in general terms, that the purchased replacement tools were used in connection with his employment, he made no effort to explain how this could be true if the allegedly stolen tools were taken from a hobby shop. Nor did he show specifically how the tools were used in his business. Moreover, as with the allegedly stolen tools, petitioner has failed to identify clearly both the items purchased as replacements and their cost. 4. Uncollected Wages
*530 In his statement submitted in lieu of a brief [5] petitioner claims that the amount which he seeks to deduct, i.e., wages owed him by West Coast Signs & Displays, were attributable to 1973. He has no, however, at any point suggested that the wages were reported as income in that year. At trial, he testified that the $ 300 which he failed to collect had not been reported in 1974. He also admitted failing to report $ 500 which he had succeeded in collecting from the same employer and termed this failure "a gross error" in his 1974 Federal income tax return. Petitioner is not entitled to reduce ordinary income by an amount of uncollected and unreported income. Hort v. Commissioner,313 U.S. 28, 32-33 (1941); Hendricks v. Commissioner,406 F.2d 269, 272 (5th Cir. 1969), affg. per curiam a Memorandum Opinion of this Court; Hutcheson v. Commissioner,17 T.C. 14, 19 (1951). To reflect the foregoing, Decision will be entered for the respondent. *531 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted. ↩
2. As explained in the discussion of issue 3, which follows, petitioner is claiming a 1974 deduction for the alleged cost of replacing some of the allegedly stolen tools. Yet he has not shown whether he deducted the cost of the "stolen" tools when they were purchased. If so, he had no adjusted basis in them to deduct as a casualty loss in 1974. ↩
3. Petitioner filed a list of tools and costs as a brief. The list cannot be considered as evidence because it was not offered at the trial. Moreover, the very wording of the list underscores petitioner's failure to establish his claim. He terms the list "probable list of missing items" and refers to values assigned these items as "approximate cost."↩
4. In the list submitted as a brief, petitioner includes a list of "probable tools purchased to replace those lost due to theft" and "approximate cost."↩
5. For the reason stated in footnote 3, supra,↩ statements in this document may be considered as evidence only insofar as they constitute admissions against interest.